COMMONWEALTH *vs.* DONALD B. JAMES. November 15, 1979. The defendant excepts to the denial of his motion for a new trial based on a claim of ineffective assistance of counsel. The defendant contends that his Superior Court counsel failed (1) to contact a key witness whose testimony, the defendant alleges, would have been corroborative as well as exculpatory, (2) to make relevant inquiries of the defendant's District Court counsel, and (3) to obtain or attempt to obtain exculpatory material in the custody of the police.

After argument we remanded the case to the Superior Court for further findings. Among those findings are ones that "the Defendant did not notify either his District Court attorney or his Superior Court attorney of the availability of [the] witness [Jennings] nor that the testimony of [Jennings] could or would be helpful to" him and that there was "no creditable evidence of the existence of any photographs, ballistic reports or recordings." Indeed, the motion judge (who also was the trial judge) apparently did not find the defendant's evidence creditable in any material respect. See *Commonwealth* v. *Bernier,* 359 Mass. 13, 16 (1971). These findings are supported by the evidence. *Commonwealth* v. *Brown,* 378 Mass. 165, 171 (1979).

The issue presented here is not whether "counsel did not conform in some respect to an ideal model of how counsel should . . . conduct himself," *Commonwealth* v. *Saferian,* 366 Mass. 89, 99 (1974), or "whether counsel's tactical plans . . . were to the client's best advantage." *Commonwealth* v. *LeBlanc,* 364 Mass. 1, 14 (1973). The crucial question is whether there has been a "showing that better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977). *Commonwealth* v. *Bolduc,* 375

Mass. 530, 540 (1978). See *Commonwealth* v. *Adams,* 374 Mass. 722, 729 (1978) ("any violation of the attorney's duty must be both substantial and prejudicial"). Even assuming that counsel might have done more, the defendant has failed to demonstrate how any of the actions which he claims his counsel should have taken could have made any difference. See *Commonwealth* v. *Saferian, supra* at 96 ("whether it has likely deprived the defendant of an otherwise available, *substantial* ground of defence" [emphasis supplied]); *Commonwealth* v. *Rondeau,* 378 Mass. 408, 413 (1979) ("Ineffectiveness is not established simply by showing that [counsel] failed to call an additional witness . . . to bolster the defense case"). The affidavits in support of the defendant's motion are in no way exculpatory (e.g., defendant "made no threat to Officer James" while both "were present in the store") and at best tend to corroborate matters that are not material, or not in dispute, or merely express an opinion of counsel (e.g., "one of the goals of the District Court Trial . . . [is] to secure" discovery of the "Commonwealth's case against the Defendant"). Compare *Thomas* v. *Estelle,* 588 F.2d 170, 171 (5th Cir. 1979).

To the extent that other issues raised by the defendant are not disposed of above, they are without merit.

*Exceptions overruled.*

*William C. Newman* for the defendant.

*William W. Teahan,* Assistant District Attorney, for the Commonwealth.