COMMONWEALTH *vs.* PRESTON STOKES.

Middlesex. June 9, 1980. — August 25, 1980.

Present: HALE, C.J., GRANT, & DREBEN, JJ.

*Practice, Criminal,* Assistance of counsel, Instructions to jury. *Evidence,* Impeachment of witness, Evidence at preliminary hearing.

There was no merit to a defendant's contention that he was denied effective assistance of counsel at his criminal trial by his attorney's failure to call two witnesses in support of the defendant's alibi and by alleged errors he committed during the course of the trial where the attorney was warranted in concluding that the witnesses' testimony would not have corroborated the alibi and might have been harmful and where the claimed errors either were not errors at all or were reasonable exercises of counsel's judgment. [436-437]

A question by the prosecutor at a criminal trial as to whether a defense witness had testified in any other proceeding in the case did not create a risk of a miscarriage of justice. [437-438]

At a criminal trial, there was no error in the judge's instructions with respect to identification testimony. [438-439]

At the trial of a defendant for armed robbery and assault with intent to rape, the defense counsel's failure to object to the use of the defendant's record of conviction on a charge of attempted unarmed robbery to impeach him did not constitute ineffective assistance of counsel. [439-440]

INDICTMENTS found and returned in the Superior Court Department on December 12, 1978.

The cases were tried before *Rutledge* J., and a motion for a new trial was heard by him.

*Thomas G. Shapiro* for the defendant.

*Susan C. Mormino,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.  The defendant was convicted after a jury trial on indictments charging armed robbery and assault with intent to rape.  The trial judge denied the defendant's motion for a new trial after a hearing.  The defendant ap-

peals from the two convictions and from the denial of his motion for a new trial.

The case against the defendant was based principally upon the testimony of the victim, who identified the defendant as one of her three assailants. The victim testified that the assault took place outside a school in Cambridge between 8:50 P.M. and 9:10 P.M. and that she had first seen the defendant there shortly after 8:30 P.M. The defendant presented evidence that at the time of the assault he was either at his apartment in East Cambridge or traveling back and forth between that apartment and Harvard Square. In addition to his own testimony, he presented the testimony of his girlfriend, with whom he shared the East Cambridge apartment, and their roommate at the apartment. His girlfriend testified that she was returning from her parents' home in Lexington with her two brothers that evening; that they came upon the defendant riding a bicycle; that they stopped and drove him back to their apartment, arriving at about 8:00 P.M.; and that the defendant left shortly afterward with the two brothers and returned thirty to forty minutes later. On cross-examination she testified that she was "in love with" the defendant. The roommate testified that the defendant arrived at their apartment at about 8:00 P.M., left, and returned between 8:30 P.M. and 9:00 P.M. On cross-examination she acknowledged her friendship with the defendant and his girlfriend.

Neither of the girlfriend's brothers testified at trial. At the hearing on the motion for a new trial, one brother, who was eighteen years old at the time of the hearing, testified that he, his brother and sister had picked up the defendant that night and had driven with him to the East Cambridge apartment. After a few minutes, he and his brother had given the defendant a ride to Harvard Square, dropping him off there. He estimated that they had left the defendant in Harvard Square between 8:10 and 8:20 and then returned home to Lexington, arriving at 8:35 P.M. or 8:40 P.M. The other brother, who was sixteen years old at the time of the hearing, told essentially the same story but was unable to say what time the events had occurred.

The defendant claims that his lawyer's failure to call the two brothers as witnesses at the trial, along with other claimed errors discussed below, demonstrates that he was deprived of the effective assistance of counsel. In analyzing the defendant's claim, we make a two-step inquiry. First, we look to see whether the lawyer's conduct was "measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). *Commonwealth* v. *Rondeau,* 378 Mass. 408, 412 (1979). Next, we look for prejudice resulting from any such incompetence, prejudice which typically results when the defendant has been deprived of an otherwise available, substantial ground of defense. *Commonwealth* v. *Saferian, supra* at 96. *Commonwealth* v. *Rondeau, supra* at 412-413. Stated otherwise, the defendant must show that better work might have accomplished something material for his defense. *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977). *Commonwealth* v. *James,* 8 Mass. App. Ct. 928 (1979). When a lawyer has made an arguably reasoned tactical or strategic judgment, we will not second guess it unless it was manifestly unreasonable. *Commonwealth* v. *Adams,* 374 Mass. 722, 728 (1978). *Commonwealth* v. *Rondeau, supra* at 413.

Measured by these standards, trial counsel's failure to call the two brothers did not amount to ineffective assistance of counsel. After hearing the testimony of the two brothers and the testimony of trial counsel on the motion for new trial, the judge found that, before the trial, defense counsel had discussed with the older brother what his testimony would be; that he had clocked the distance by car and on foot between Harvard Square and the scene of the crime and had reached the conclusion that the brothers' testimony would place the defendant within range of the scene of the crime at the time the victim testified it occurred; that he had concluded that their testimony might have been harmful and, after careful consideration and discussion with the defendant, had made a tactical decision not to call them as witnesses. The judge further found that the brothers'

testimony would have been, at best, repetitive. Such findings by the judge are not ordinarily to be overturned on appeal. *Commonwealth* v. *Rondeau, supra* at 413. *Commonwealth* v. *Sellon,* 380 Mass. 220, 226 (1980).

Trial counsel would have been justified in concluding that putting on additional alibi witnesses might do more harm than good. See *Commonwealth* v. *Little,* 376 Mass. 233, 242 (1978). Considering the fact that the brothers' testimony would not have corroborated the defendant's alibi, but only that portion of it which would have placed him near the scene of the crime, we cannot accept the defendant's argument that their testimony was essential because his other two alibi witnesses, his girlfriend and his roommate, were impeached by questions about their relationships with him. Even if we were to regard counsel's failure to call the brothers as an error of judgment, we would not consider it to be manifestly unreasonable. The defendant's alibi was adequately presented to the jury, and he was thus not deprived of "'an otherwise available, substantial ground of defence.'" *Commonwealth* v. *Rondeau, supra* at 413.[1]

The defendant also bases his claim of ineffective assistance of counsel on three claimed errors at trial, which we discuss below. After discussing his argument that these constitute independent grounds for a new trial, we shall consider whether they lend support to his ineffective assistance of counsel claim.

Upon cross-examination the defendant's roommate was asked whether she had ever testified in any other proceeding in the case. She answered that she had not. No exception was taken. The defendant claims that the question was a violation of G. L. c. 278, § 23,[2] and that a new trial is there-

---

[1] The defendant also appears to argue, apart from his claim of ineffective assistance of counsel, that the failure of the two brothers to testify denied him a fair trial. That argument is without merit.

[2] That statute, as appearing in St. 1978, c. 478, § 305, provides: "At the trial of a criminal case in the superior court, upon indictment, or in a jury-of-six session in a district court, the fact that the defendant did not testify at any preliminary hearing in the first court, or that at such hearing he waived examination or did not offer any evidence in his own defense,

fore required. The judge in his findings and rulings on the motion for a new trial agreed that the question "appear[ed]" to be a violation of § 23 but found that violation to be harmless beyond a reasonable doubt. If this question were properly before us, we would be inclined to rule that one isolated question, asked of one alibi witness (and not of the defendant or the other alibi witness) which elicited the response that she had not testified previously, and which was not referred to again, would not have influenced the jury to speculate whether the defendant had failed to offer any evidence in his defense in a preliminary hearing. The question would therefore not be a violation of § 23. See *Commonwealth* v. *Maguire,* 375 Mass. 768, 774-775 (1978). Contrast *Commonwealth* v. *Palmarin,* 378 Mass. 474, 476-478 (1979). (Section 23 was violated when five of six alibi witnesses were asked whether they had testified at prior proceedings [the defendant excepting to the questioning of two of the witnesses] and the prosecutor commented during closing on their failure to testify previously.) Without an exception, however, we need not decide that issue. See *Commonwealth* v. *Morrison,* 1 Mass. App. Ct. 632, 636 (1973). The prosecutor's question created no risk of a miscarriage of justice.[3]

The defendant claims next that the judge erred in failing to give an instruction on the possibility of mistaken identifi-

---

shall not be used as evidence against him, nor be referred to or commented upon by the prosecuting officer."

[3] It is not clear whether the defendant has raised this issue or the next two in connection with the appeal from the denial of a new trial or in connection with the appeal from his convictions. Because no exception was taken to any of the three claimed errors, our review in either case is limited. On the motion for new trial, the defendant has no right to argue errors which could have been raised by exceptions at the trial. *Commonwealth* v. *Grace,* 376 Mass. 499, 500 (1978). Although the judge may have discretion to decide issues not raised at trial, that power is to be used only in those cases where it appears that a miscarriage of justice might otherwise result. *Commonwealth* v. *Harrington,* 379 Mass. 446, 449 (1980). As for issues raised on appeal from the convictions which were not excepted to at trial, we look only to see if there is a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967).

cation. No request for such an instruction was made, and no exception was taken to the instructions that were given. The defendant concedes, that without an exception, a failure to instruct on this point would not have required a new trial, but argues that the jury instructions should have been taken into account in determining whether the interests of justice required a new trial. Even if an exception had been taken to the charge, we would not regard the judge's instructions on identification to be in error. This case was tried after our decision in *Commonwealth* v. *Rodriguez,* 6 Mass. App. Ct. 738 (1978), but before the Supreme Judicial Court, in *Commonwealth* v. *Rodriguez,* 378 Mass. 296, 301-302, 310-311 (1979), approved the model instructions on the issue of mistaken identification which were set out in *United States* v. *Telfaire,* 469 F.2d 552, 558-559 (D.C. Cir. 1972). Nevertheless, the judge gave thorough instructions which emphasized many of the points raised in those model instructions. He singled out identification as a central issue in the case; instructed the jury on the Commonwealth's burden to prove beyond a reasonable doubt not only that the crime was committed but also that the defendant had committed it; told them that they could consider the opportunity of the witness to observe the person committing the crime, taking into account "the length of the encounter, the distance between the various parties, the lighting conditions at the time, the witness' state of mind at the time of the offense . . ."; instructed them that they could take into account any later identification and the circumstances surrounding it, including the certainty or lack of certainty expressed by the witness; emphasized that the jury should consider whether the identification was accurate in light of all these circumstances; and told them, "You must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you convict him." The defendant's objection to this instruction is groundless.

The defendant's last claim of error stems from his admission on cross-examination that he had once been convicted of attempted unarmed robbery. No objection was made to

the Commonwealth's use of the defendant's record to impeach him. The judge, in his charge, gave an appropriate limiting instruction to the jury, emphasizing that the defendant's record was relevant only to his credibility, not as evidence of guilt.

We do not understand the defendant to argue that we should make a determination at the appellate level that the record of his conviction should not have been introduced on cross-examination, considering the fact that in the ordinary case a determination by a judge to admit the record solely for the purpose of impeachment is not subject to appellate review. *Commonwealth* v. *Leno*, 374 Mass. 716, 717-718 (1978). The thrust of the defendant's argument appears to be that he was denied effective assistance of counsel because no objection was made to the use of the record of his conviction and thus there was no opportunity for the judge to exercise his discretion to exclude the record under *Commonwealth* v. *Chase*, 372 Mass. 736, 750 (1977), and *Commonwealth* v. *Leno, supra.* We do not regard this as ineffective assistance of counsel, as it would be speculative to say that the judge would have concluded that impeachment by use of a single conviction, albeit one charging a similar offense, was so intensely prejudicial as to justify exclusion of the record. See G. L. c. 233, § 21; *Commonwealth* v. *Chase, supra; Commonwealth* v. *Leno, supra.*

Finally, we evaluate the claimed errors in the context of the whole trial to determine whether trial counsel's conduct was measurably below that of an ordinary fallible lawyer. *Commonwealth* v. *Adams*, 374 Mass. at 728. As our discussion above demonstrates, these claims either were not errors at all or were reasonable exercises of counsel's judgment. The defendant was not deprived of the effective assistance of counsel.

*Judgments affirmed.*

*Order denying motion for new trial affirmed.*