COMMONWEALTH *vs*. VICTOR MEDINA.

Suffolk.   March 14, 1985. — June 26, 1985.

Present: BROWN, KAPLAN, & DREBEN, JJ.

*Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Assistance
   of counsel.

The record of a criminal case did not support the defendant's claim that he
   was denied effective assistance of counsel by his attorney's failure to
   present, on the theory of self-defense, evidence regarding the victim's
   propensity for violence, the defendant's reputation in the community
   for peaceful behavior, and the defendant's state of mind. [259-262]

INDICTMENT found and returned in the Superior Court De-
partment on August 7, 1979.

The case was tried before *John T. Ronan, J.*, and a motion
for a new trial was heard by him.

The case was submitted on briefs.

*Frank G. Kelleher & James E. McCall* for the defendant.

*Newman Flanagan,* District Attorney, *& Timothy M. Burke,*
Assistant District Attorney, for the Commonwealth.

BROWN, J. After trial on an indictment charging murder in
the first degree, the defendant was convicted of manslaughter.[1]
The defendant now claims that his trial counsel failed to provide
him with the effective assistance of counsel required by the
Federal and State Constitutions. The trial judge denied his
motion for a new trial. See Mass.R.Crim.P. 30, 378 Mass.
900 (1979). "An examination of the record shows that the
performance of counsel was not of such poor quality as to
entitle the defendant to a new trial." *Commonwealth* v. *Little,*
376 Mass. 233, 241 (1978).

---

[1] The defendant also was convicted on an indictment charging him with
unlawfully carrying a firearm on his person.

We have no hesitancy in noting that the performance of the defendant's counsel at trial was no model.[2] Unmistakably, "[t]he trial was pervaded by an aura of bumble." *Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 17 n.12 (1980). We, however, are not prepared to say that trial counsel here was a walking violation of the Sixth Amendment. "[T]he basic trouble from the defense standpoint was weaknesses in the facts rather than any inadequacy of counsel." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 111 (1977).

Our review in these circumstances is, of course, guided by the familiar *Saferian* standard. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). The question for us here, however, is whether, notwithstanding the actual performance of defense counsel at trial[3] (compare *Commonwealth* v. *Sellon*, 380 Mass. 220, 226 [1980]), the defendant has made "some showing that better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). See *Commonwealth* v. *Adams*, 374 Mass. 722, 729 (1978) ("any violation of the attorney's duty must be both substantial and prejudicial"). See also *Commonwealth* v. *McGann, ante* 59, 61-62 (1985). Examining the alleged errors in light of the entire trial, we think that the presentation of the defendant's case was not prejudiced in any material manner. "Even assuming that counsel might have done more, the defendant has failed to demonstrate how any of the actions which he claims his counsel should have taken could have made any difference." *Commonwealth* v. *James*, 8 Mass. App. Ct. 928, 929 (1979). We so conclude "because in view of the 'weaknesses in the facts' [citation omitted] better lawyering could not possibly have produced a more favorable result." *Commonwealth* v. *Dutra*, 15 Mass. App. Ct. 542, 552 (1983) (Brown, J., concurring).

---

[2] As one might expect in these circumstances the defendant has new counsel on appeal.

[3] This is not to say that there will not be times when counsel's performance falls so far below an acceptable level that a new trial would be warranted without a showing of prejudice. See *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977) (there may be instances "where the defense was so botched that judgments" under *Saferian* "would be without value").

The defense theory at trial was that the defendant had killed the victim in self-defense and in defense of others (namely, the defendant's wife and children). Trial counsel introduced evidence supporting both of those defenses. The defendant, the victim and two other persons were playing dominoes in an apartment shared by the defendant's sister-in-law and the victim. Also present were the defendant's wife, his children and his sister-in-law's children. All the men had been drinking. The victim started an argument with the defendant. In an ensuing struggle, the victim stabbed the defendant. After others had intervened, the defendant left the apartment. The defendant testified that, after he had departed, he heard his wife scream,[4] and, fearing for her safety, he got his gun and returned to the apartment. The defendant also testified that although he did not find his wife in the apartment, he found the victim, who again assaulted him with a knife, and that he, the defendant, had to shoot the victim[5] to prevent a further attack by the victim.

Although trial counsel attempted to develop these defenses, upon examination of the record we think that they were factually weak as well as legally untenable. The defendant testified that, after hearing his wife scream, he spent two to three minutes going to his car to get his gun, rather than returning immediately to help his wife. The defendant further admitted that he searched the apartment upon his return and discovered that his wife and children were no longer there. In the circumstances, as he described them, the defendant would not have been justified in killing the victim to protect his wife and children. Cf. *Commonwealth* v. *Martin*, 369 Mass. 640, 649 (1976).

Likewise, the theory of self-defense was incompatible with the thrust of the facts. The defendant had the opportunity to retreat but instead returned a few minutes after having been stabbed, armed with a loaded handgun. See *Commonwealth* v. *Shaffer*, 367 Mass. 508, 511 (1975). Although the defendant

---

[4] The defendant's wife also testified that after he left the apartment she was yelling loudly.

[5] The defendant admitted shooting the victim at least three times. The victim was, in fact, shot four times in the head, chest and abdomen.

testified that the victim was attacking him with a knife at the time of the shooting, the only eyewitness to the shooting testified that the victim did not assault the defendant with a knife, nor did the witness see anything in the victim's hands.[6]

The defendant focuses particularly on trial counsel's failure to present evidence regarding (1) the victim's propensity for violence, (2) the defendant's reputation in the community for "peaceful behavior," and (3) the defendant's state of mind. We think that ineffective assistance of counsel has not been demonstrated, as none of the specific errors alleged to have occurred at trial is of sufficient import to cause counsel's performance, viewed as a whole, to dip below the acceptable level.

As a general proposition, ineffective assistance is not established simply by showing that trial counsel failed to offer certain evidence (see *Commonwealth* v. *Bernier*, 359 Mass. 13, 19 [1971]) or to introduce character witnesses (see *Commonwealth* v. *McCarthy*, 12 Mass. App. Ct. 722, 725 [1981]). Compare *Commonwealth* v. *Rondeau,* 378 Mass. 408, 413 (1979) ("Ineffectiveness is not established simply by showing that [counsel] failed to call an additional witness . . . to bolster the defense case"). Addressing the specifics of the defendant's claim, it is fair to say that any potential impact of evidence of the defendant's reputation and of the victim's propensity for violence pales in light of the undisputed evidence that the mortal wound was inflicted in retaliation by a nonretreating person, as was the case here. In any event, evidence of the victim's propensity for violence could only have been cumulative, as the jury had heard testimony that the victim had precipitated the confrontation and had stabbed the defendant, allegedly adding a particularly cruel twist of the knife handle while the blade was still in the defendant. Thus, it cannot be said that the defendant was deprived of "an otherwise available, substantial ground of defense." *Commonwealth* v. *Stokes*, 10 Mass. App. Ct. 434, 436 (1980), citing *Commonwealth* v. *Saferian,* 366 Mass. at 96.

---

[6] Defense counsel did bring out that this witness was intoxicated on the evening of the incident.

The jury were presented with ample evidence regarding the defendant's state of mind. As already mentioned, they had heard testimony concerning the wife's screams and the defendant's resulting apprehension for her safety and that of his children. Likewise, it was apparent that the defendant was wounded and angry during the critical time period.

*Order denying motion for new trial affirmed.*