NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1248                                     Appeals Court


        COMMONWEALTH  vs.  PHILLIP A. DESPASQUALE.


        No. 13-P-1248.      December 30, 2014.


Kidnapping.  Assault and Battery.  Larceny.  Practice, Criminal,
     Assistance of counsel.


     On direct appeal from his convictions of (1) kidnapping, (2) assault and battery on a disabled person, (3) larceny over $250, and (4) larceny of a motor vehicle, the defendant contends that his trial counsel provided ineffective assistance of counsel.[1]

     The preferred method to bring a claim for ineffective assistance of counsel is by way of a motion for a new trial, as it provides the opportunity for an evidentiary hearing and findings related to the trial attorney's performance.  See Commonwealth v. McCormick, 48 Mass. App. Ct. 106, 107 (1999).  However, a claim of ineffective assistance may be resolved on direct appeal when the factual basis of the claim appears indisputably on the trial record.  See Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994).

     We summarize the victim's trial testimony, which was corroborated in nearly all material respects.  The victim testified that the defendant showed up at her house on January 26, 2011, and told her -- albeit untruthfully -- that her family was in trouble; he said that they had five minutes to leave the house.  While driving her car, the defendant directed her to withdraw as much money as she could from her bank account and to write checks payable to him.  She testified that when she asked the defendant what the money was for, he did not reply.  The

_____

     [1] The defendant is represented by new counsel on appeal.

victim also testified that she withdrew $500 from her bank account, wrote and cashed two checks (totalling $600) on her brother's account, and gave the money to the defendant. At trial, the defendant did not deny receiving money from the victim, but testified that the victim gave him the money to help him pay for a room he was considering renting.

We conclude that with regard to the claims argued here it is possible on this record to evaluate the performance of the defendant's trial counsel. In order to determine whether a new trial should be granted based on ineffective assistance of trial counsel, we apply the familiar Saferian test. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See also Commonwealth v. Satterfield, 373 Mass. 109, 115 & n.10 (1977). Although certain actions of trial counsel did not manifest the skills of a more experienced practitioner, the defendant has failed to demonstrate how the actions he claims his counsel should have taken could have made a difference. See Commonwealth v. Medina, 20 Mass. App. Ct. 258, 259 (1985).

Discussion. The defendant contends that trial counsel provided ineffective assistance in (1) asking police Officer Jeremy Grniet to read his report to the jury, aspects of which contained extremely prejudicial information about the defendant; (2) failing to object to portions of the testimony of the mother of the complaining witness; (3) failing to realize the significance or absence of any record of certain bank transactions mentioned by the complaining witness; and (4) failing to insist on appropriate redaction of the medical and bank records introduced by the Commonwealth.

1. We think that defense counsel's performance fell below the standard set out in the first prong of Commonwealth v. Saferian, supra, "falling measurably below that which might be expected from an ordinary fallible lawyer."

a. Police report. There appears to be no reasonable strategy or tactic to justify trial counsel's failure, prior to asking the officer to read the police report to the jury, to at least redact the portion of the report referring to the defendant's "lengthy criminal history." Likewise, there is no rational reason for nor tactical advantage to be gained from counsel's failure to request that that portion of the report be stricken from the record or to request a limiting instruction. Those failures in this context constitute behavior that falls measurably below that of an ordinary fallible lawyer.

b. <u>Mother's testimony</u>.  The mother made an unsolicited reference to a rape kit examination of her daughter.  The defendant asserts that trial counsel's failure to object, move to strike, or follow up on two portions of the victim's mother's testimony amounts to ineffective assistance.

The defendant was not on trial for rape.  The mother's testimony regarding her actions while in search for her daughter was admissible, and trial counsel could have reasonably concluded that any objection to it would have been futile.  Compare <u>Commonwealth</u> v. <u>Dutra</u>, 15 Mass. App. Ct. 542, 546-547, 550 (1983).  With regard to the mother's reference to the rape kit examination in the days immediately after the search, while we recognize that implication of sexual misconduct has been seen as prejudicial in some circumstances, <u>Commonwealth</u> v. <u>Demars</u>, 38 Mass. App. Ct. 596, 597-598 (1995), we acknowledge that trial counsel's failure to object to the mother's testimony regarding the rape kit or to press the mother further about the negative result of the rape kit may well have been a tactical decision on his part to avoid unnecessarily highlighting the comment.  See <u>Commonwealth</u> v. <u>Adams</u>, 374 Mass. 722, 730 (1978) (when made, decision "did not appear to be beyond the range of reasonableness").  See and compare <u>Commonwealth</u> v. <u>Madera</u>, 76 Mass. App. Ct. 154, 164 (2010).  However, we do factor this into the calculus of our evaluation of ineffectiveness.

The defendant also contends that portions of the medical record that referred to the rape kit should have been redacted.  An objection certainly would have been appropriate in this circumstance.  We note also, however, that the victim's medical records, which were admitted in evidence, state that there was "no knbown [<u>sic</u>] vaginal contact or obvious sexual contact [and][n]o vaginal soreness."  Trial counsel also elicited testimony from Officer Grniet that the victim made affirmative statements that the defendant had not molested her.

c. <u>Bank records</u>.  The defendant asserts as an additional ground of ineffective assistance trial counsel's failure to move to redact the portion of the victim's bank records showing January 27, 2011, withdrawals and trial counsel's failure to mention in his closing that the bank records offered in evidence did not show the two checks that the complaining witness said she had been induced to negotiate.  Trial counsel's decision to highlight in his closing the fact that the bank records merely demonstrated that money had been withdrawn, rather than to mention the missing evidence of the cashed checks, was apparently made in an effort to further his claim that the money

had been given to the defendant voluntarily.  We find this tactic questionable, though not fatal, standing alone.

2.  We now turn to the second prong of the Saferian test -- whether defense counsel's performance "has likely deprived the defendant of an otherwise available, substantial ground of defence."  The Commonwealth's evidence consisted of several witnesses and various inculpatory exhibits.  The victim testified that on January 26, 2011, the defendant took her to an abandoned trailer where he tied her hands and feet and the braces[2] on her legs together and put a cloth around her nose and mouth.  She further testified that the defendant abandoned her there, taking her car keys, wallet, bank card, and crutch; he then told her that he would "be right back."  The victim testified that the defendant never came back and that the next day, after freeing herself from the ties, she left the trailer[3] in an effort to seek help, using a two-by-four as a crutch.[4]

The Commonwealth also called Nathan Auger, who assisted the victim on the day she escaped from the camper.  Auger testified that on January 27, 2011, while he was clearing his driveway of snow, a girl, later identified as the victim, was at the end of his driveway yelling, "Help, I need help; I was kidnapped."  He testified that the victim looked cold and scared and was crying and shaking.  He testified that the victim had snow stuck to the bottom of her legs, was carrying a two-by-four, and said that she had been tied up and put in a box, that she thought her mother and father were in trouble, and that she wanted to call her mother.  Auger testified that he attempted to take the two-by-four from the victim, but that she refused to give it up, saying she needed it to walk.  In addition to the victim's and Auger's testimony, the Commonwealth entered exhibits in evidence, depicting towels, sheets, and a white double-knotted woman's shirt found in the camper.

Notwithstanding trial counsel's deficient performance, there has been no showing, in light of the overwhelming evidence of guilt, "that better work might have accomplished something

---

[2] The victim suffers from cerebral palsy and lumbardosis.

[3] Sometimes referred to as a camper.

[4] During cross-examination, the defendant conceded he had left the victim, whom he knew to be disabled, alone in the cold camper overnight (in the middle of a snowstorm) with no food, light, heat, or running water.

material for the defense."  Commonwealth v. Satterfield, 373
Mass. at 115.  Contrast Commonwealth  v. Frisino, 21 Mass. App.
Ct. 551, 552, 555 (1986).  In sum, even considering the totality
of defense counsel's missteps, lapses, and other decisions, we
conclude that the second prong of Saferian has not been
satisfied.  See Commonwealth v. Satterfield, supra at 115 &
n.10.  See also Strickland v. Washington, 466 U.S. 668, 691-692
(1984).

Judgments affirmed.

Katherine C. Essington for the defendant.
Ellyn H. Lazar-Moore, Assistant District Attorney, for the
Commonwealth.