NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1197

COMMONWEALTH

vs.

RAYMOND C. HORSLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Raymond C. Horsley, appeals from a conviction, after a jury trial in the District Court, of violating an abuse prevention order, G. L. c. 209A, § 7, and from an order denying his motion for new trial.[1]  Concluding that the defendant made a substantial showing of ineffective assistance of counsel in addressing the defendant's hearing impairment, entitling him to an evidentiary hearing, we vacate

---

[1] The defendant was tried at the same time on a separate but related complaint charging assault and battery on a family or household member, G. L. c. 265, § 13M.  The jury acquitted the defendant on that complaint.

the order denying the defendant's motion for new trial and remand for further proceedings.[2]

1. Standard of review. "[W]e review the denial of a motion for a new trial for 'a significant error of law or other abuse of discretion.'" Commonwealth v. Duart, 477 Mass. 630, 634 (2017), cert. denied, 584 U.S. 938 (2018), quoting Commonwealth v. Forte, 469 Mass. 469, 488 (2014). "A judge is required to conduct an evidentiary hearing on a motion for a new trial only if a substantial issue is raised by the motion or affidavits." Commonwealth v. Sanchez, 476 Mass. 725, 742 (2017), quoting Commonwealth v. Torres, 469 Mass. 398, 402 (2014). See Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001). "In determining whether a substantial issue exists, 'a judge considers the seriousness of the issues raised and the adequacy of the defendant's showing on those issues.'" Commonwealth v. Upton, 484 Mass. 155, 162 (2020), quoting Commonwealth v. Barry, 481 Mass. 388, 401, cert. denied, 589 U.S. 941 (2019). "A defendant's submissions in support of a motion for a new trial need not prove the factual premise of that motion, but they must contain sufficient credible information to 'cast doubt on' the issue" (citation omitted).

---

[2] The defendant's arguments all go to his motion for new trial, and we therefore do not address the appeal from his conviction.

Commonwealth v. Goodreau, 442 Mass. 341, 348 (2004). "We afford particular deference to a decision on a motion for a new trial based on claims of ineffective assistance where the motion judge was, as here, the trial judge." Commonwealth v. Sorenson, 98 Mass. App. Ct. 789, 791 (2020), cert. denied, 142 S. Ct. 107 (2021), quoting Commonwealth v. Diaz Perez, 484 Mass. 69, 73 (2020).

"Where a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that (1) the 'behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer' and (2) such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Tavares, 491 Mass. 362, 365 (2023), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "Essentially, [t]he defendant must demonstrate that better work might have accomplished something material for the defense." Commonwealth v. Ng, 489 Mass. 242, 250 (2022), S.C., 491 Mass. 247 (2023), quoting Commonwealth v. Valentin, 470 Mass. 186, 190 (2014).

2. Ineffective assistance of counsel. a. Trial counsel's performance. After trial, the defendant moved for a new trial, claiming that trial counsel provided ineffective assistance of counsel by not notifying the trial judge of the defendant's

"diminished capacity to hear, due to the loss of his hearing aid." The defendant submitted an affidavit stating that he "was unable to hear what the witnesses had said about" him.

"In any proceeding in any court in which a deaf or hearing-impaired person is a party or a witness, . . . such court . . . shall appoint a qualified interpreter to interpret the proceedings, unless such deaf or hearing-impaired person knowingly, voluntarily, and intelligently waives, in writing the appointment of such interpreter." G. L. c. 221, § 92A. See Commonwealth v. Elliott, 87 Mass. App. Ct. 520, 530 n.7 (2015) ("over-all objective" of § 92A "to ensure that deaf and hearing-impaired persons can understand and fully participate in the legal proceedings in which they are involved"). "Though the phrase 'hearing-impaired' is not defined by either statute or case law, G. L. c. 6, § 191, . . . defines the comparable term 'hard of hearing' as 'a condition of or person with some absence of auditory sensitivity with residual hearing which may be sufficient to process linguistic information through audition with or without amplification under favorable listening conditions, or a condition of or person with other auditory handicapping conditions.'" Elliott, supra at 527. "[D]efense counsel must bring the defendant's hearing difficulties to the judge's attention . . . ." Id. at 529. See also CPCS, Assigned

4

Counsel Manual § 1(A)(H), at 2.4 (Mar. 18, 2022) ("It is the responsibility of assigned counsel to make sure that the court provides such interpreter services for his or her [hearing-impaired] client").

Here, just prior to empanelment, trial counsel told the judge: "[The defendant] has a hard time hearing." The judge responded: "Okay. I'll try to speak up and I'll advise other people to try to speak up, too." Counsel did not make any further requests or inform the judge that the defendant was unable to hear the witnesses.

The trial judge denied the new trial motion based on his own recollection of the trial, recalling "the [defendant] being very animated when he disagreed w[ith] the alleged victim's testimony." During that testimony, the defendant "would shake his head and say 'no' to himself numerous times. And he would wildly gesticulate at things he disagreed with."

The trial judge's recollection is not subject to second guessing by this court, but it is not enough to reject the defendant's assertion. The defendant and the victim had known each other for more than twenty years and been in a relationship for more than twelve years. With that sort of familiarity, the defendant's ability to understand the victim without a hearing aid does not establish that he was able to hear and understand

the testimony of the two police officers, neither of whom testified about any prior experience with the defendant.

There was substantial evidence supporting the defendant's contention. The defendant said, "I can't hear. I can't hear" when the first officer began to testify. The defendant told the judge, "I can't hear you" at the beginning of sentencing. At the end of sentencing, the defendant asked, "what did I get found guilty on?" Accordingly, the defendant's assertion that he could not hear the witnesses is not a recent invention.

The defendant also provided an affidavit of his doctor, an otolaryngologist, who has been treating him "for approximately 18 years." The doctor stated that the defendant "can hear nothing in his left ear and he can only hear things in his right ear if he is using a powerful hearing aid." Because of this, the doctor recommended that the defendant "have use of a hearing aid or any mechanism that enhances the ability to hear if he wants to hear what people 10 feet away from him are saying."

The defendant also averred that he "had informed [his] trial attorney . . . that [he] had hearing loss and no hearing aids when [he] first met him a few months before the trial" and that he asked trial counsel "to make an accommodation for [his] hearing loss." Trial counsel failed to respond to several attempts by appellate counsel to state "whether these

6

[statements] were true or not," so without an evidentiary hearing the defendant's contention in this regard is unrebutted. See Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 551 (2014) ("where successor counsel filed affidavits attesting to plea counsel's lack of cooperation -- including even the failure to return telephone calls -- the lack of an affidavit cannot be a talisman that, by itself, defeats a claim of ineffective assistance of counsel"). Accord Commonwealth v. Miller, 101 Mass. App. Ct. 344, 352 (2022) (absence of affidavit from plea counsel may be excused where prior counsel "repeatedly refuse[d] to respond to communications from successor counsel").

In short, the defendant provided enough of a showing of counsel's deficient performance to warrant an evidentiary hearing to explore the defendant's ability to hear the witnesses and what information he provided to trial counsel. The defendant's submissions adequately "cast doubt on" whether he was afforded effective assistance of counsel. Commonwealth v. Lys, 481 Mass. 1, 5 (2018).

b. Prejudice. In assessing whether the defendant was prejudiced because of trial counsel's performance, "a defendant is entitled to a new trial 'if we have a serious doubt whether the result of the trial might have been different had the error not been made.'" Commonwealth v. Lacoy, 90 Mass. App. Ct. 427,

439 (2016), quoting Commonwealth v. Millien, 474 Mass. 417, 432 (2016).  "[T]he burden is on the defendant to show . . . a reasonable probability of a different outcome . . . ."  Weaver v. Massachusetts, 582 U.S. 286, 301 (2017).[3]

The defendant made a substantial showing of prejudice that warrants exploration at an evidentiary hearing.  The defendant alleges that he "was unable to hear what the witnesses had said about [him]" and that, in fact, he "couldn't hear most of the jury trial."  If the defendant were unable to hear witnesses, then he could not give informed input to or aid his trial counsel in questioning the witnesses.  See Elliott, 87 Mass. App. Ct. at 526 ("a defendant's hearing abilities also implicate his or her constitutional rights to be present at trial, to consult with his or her lawyer, to confront witnesses against him or her, and to testify"); Commonwealth v. Espinal, 482 Mass. 190, 200 n.14 (2019), quoting Reporter's Notes to Mass. R. Crim. P. 41, Massachusetts Rules of Court, at 222 (Thomson Reuters 2019) ("the rights of a defendant to be present at trial, to consult meaningfully with counsel, and to confront adverse witnesses 'mandate that an interpreter be available to the

---

[3] The defendant's invocation of structural error has no place in a claim of ineffective assistance of counsel.  See Commonwealth v. LaChance, 469 Mass. 854, 856-857 (2014), cert. denied, 577 U.S. 922 (2015).

defendant or witness who cannot effectively communicate'"). Whether such aid to counsel would have made a difference is another matter that can be explored at an evidentiary hearing.

This is not a case where the evidence was so strong that there could be no prejudice. See Commonwealth v. Despasquale, 86 Mass. App. Ct. 914, 917 (2014), quoting Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977) ("Notwithstanding trial counsel's deficient performance, there has been no showing, in light of the overwhelming evidence of guilt, 'that better work might have accomplished something material for the defense'"). The police officer who was "canvassing the area looking for [the defendant]," located him on a different street than the victim's home. The defendant's guilt of violating the abuse prevention order, then, was dependent on the credibility of the victim's testimony, which the jury discredited at least to some extent in acquitting the defendant of the assault charge. See Commonwealth v. Gardner, 102 Mass. App. Ct. 299, 313 (2023) (partial acquittal suggests victim's credibility was impeached to some extent). The defendant made an adequate showing of

prejudice to warrant an evidentiary hearing.

> The order denying the defendant's motion for new trial is vacated, and the case is remanded to the District Court for further proceedings consistent with the memorandum and order of the Appeals Court.
>
> By the Court (Vuono, Ditkoff & D'Angelo, JJ.[4]),
>
> *Paul Little*
> Clerk

Entered: March 17, 2026.

---

[4] The panelists are listed in order of seniority.