COMMONWEALTH *vs.* JAMES S. BENNETT. January 23, 1978. 1. Although there was ample evidence from which the jury could have found the defendant guilty of rape and kidnapping, it was error for the judge to restrict defense counsel's closing argument. See *United States* v. *DeLoach*, 504 F.2d 185, 189-191 (D.C. Cir. 1974), cert. denied, 426 U.S. 909 (1976). There was testimony (albeit hearsay) admitted in evidence without objection which could have formed a basis for the hypothesis defense counsel attempted to argue to the jury. Compare *Commonwealth* v. *Pettie*, 363 Mass. 836, 840 (1973); *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 56-57 (1975). The testimony was relevant, and argument concerning it was essential to the defense (see *United States* v. *Sawyer*, 443 F.2d 712 [D.C. Cir. 1971]) to explain and rebut evidence the Commonwealth had presented in its case in chief that the defendant had committed the offenses alleged in the respective indictments. Contrast *Commonwealth* v. *McCann*, 97 Mass. 580, 582 (1867). Accordingly, the defendant must be given a new trial. 2. This disposition makes it unnecessary to consider the defendant's remaining assignments of error which are based on exceptions (see *Commonwealth* v. *Underwood*, 358 Mass. 506, 509 [1970]) and have been argued on

appeal (see *Commonwealth* v. *MacMillan,* 5 Mass. App. Ct. 314, 320 [1977]).

*Judgment reversed.*
*Verdict set aside.*

*Edward Berkin* (*Peter Wolk* with him) for the defendant.
*James M. Lynch,* Special Assistant District Attorney, for the Commonwealth.