COMMONWEALTH *vs.* ROBERT SARVELA. June 23, 1983. *Constitutional Law,* Assistance of counsel.

In his appeal from his convictions of being a disorderly person and assault and battery on a police officer, the defendant claims that he was denied his constitutional right to effective assistance of trial counsel. We agree, as the circumstances of this case are controlled in material respect by *Commonwealth* v. *Westmoreland,* 388 Mass. 269, 272-274 (1983), and *Commonwealth* v. *Street,* 388 Mass. 281, 284-287 (1983).

On review of the record we conclude that defense counsel essentially abandoned a viable defense in favor of a trial strategy that was manifestly unreasonable.

The defendant and his witnesses totally denied all the Commonwealth's allegations regarding the defendant's conduct on the night in question. In closing argument defense counsel, however, completely undermined the defendant's credibility by contradicting the defendant's testimony and that of all his witnesses. Counsel implied that the defendant was somewhat involved in a small "fracas" that evening, but that any difficulty that might have occurred was precipitated by an "overreaction" on the part of the police officers. The effect of his argument was to imply disbelief of his client's testimony.

"Defense counsel should stay with his role as advocate and not attempt to play the role of juror." *Commonwealth* v. *Street, supra* at 287. By shifting gears in this manner, defense counsel impermissibly ignored the defendant's principal defense and indirectly conceded the guilt of his client. Compare *Commonwealth* v. *Stoute,* 10 Mass. App. Ct. 932 (1980). Counsel was thus placed in opposition to his client. "The consequences of such action on the part of counsel, in our judgment, are such as to deprive the defendant of a fair trial." *Lowery* v. *Cardwell,* 575 F.2d 727, 730 (9th Cir. 1978).

*Judgment reversed.*

*Verdict set aside.*

*Kenneth Quat* for the defendant.

*Claudia R. Sullivan,* Assistant District Attorney, for the Commonwealth.