# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NAEES BEEKS, | § | |
| | § | No. 192, 2015 |
|     Defendant Below, | § | |
|     Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
|     v. | § | in and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 1404019473 |
| | § | |
|     Plaintiff Below, | § | |
|     Appellee. | § | |

Submitted: November 18, 2015
Decided: December 1, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## **ORDER**

This 1st day of December, 2015, it appears to the Court that:

(1)     In May, 2014, the police arrested Naees Beeks after he threatened the parents of the mother of his child. At trial, defense counsel cross-examined Wilmington Police Department Detective Michael Gifford regarding the events that led to Beeks' arrest. Detective Gifford testified on cross-examination that Terrance Cook, a witness to the incident, told him that Beeks had a gun. Instead of objecting to the testimony as hearsay, Beeks' attorney continued to question Detective Gifford about the statement.

(2)     In his closing statement, defense counsel argued to the jury that only the parents said Beeks had a gun. On rebuttal, the State corrected defense

counsel's misstatement and reminded the jury of Detective Gifford's testimony about what Cook had told him. Beeks objected to the reference to Detective Gifford's testimony as hearsay and moved for a mistrial. The Superior Court denied that request and instructed the jury to rely on their recollection of the testimony and to draw their own conclusions. The jury found Beeks guilty of all charges.

(3) Beeks has appealed, claiming that the Superior Court erred when it permitted the jury to hear hearsay statements objected to during closing argument. We find no merit to Beeks' appeal and affirm the Superior Court's denial of Beeks' motion for a new trial.

(4) Morgan McCallum and her daughter's father, Naees Beeks, had been involved in a tumultuous relationship. McCallum and her daughter lived with McCallum's mother and stepfather. Because of Beeks' prior incidents of violence against McCallum, Beeks was not permitted at their residence.

(5) On April 26, 2014, Beeks and his friend, Terrance Cook, went to McCallum's house. Beeks and McCallum were arguing in front of the home, and McCallum's stepfather told Beeks to leave. Beeks refused to leave until he saw his daughter. The stepfather once again told Beeks to leave and cautioned that if he did not leave, trouble would follow. Beeks then displayed a firearm and threatened the stepfather. McCallum's mother went outside when she heard the commotion and told Beeks he had to leave. She saw Beeks point a firearm at the two of them.

2

(6)     On May 1, 2014, the police arrested Beeks and charged him with Aggravated Menacing,[1] Possession of a Firearm During the Commission of a Felony,[2] and Carrying a Concealed Deadly Weapon.[3] At trial, Detective Gifford of the Wilmington Police Department testified about the April 26 incident. On cross-examination by defense counsel, Detective Gifford testified that Cook told him Beeks brandished a gun during the incident. The record reflects that once Detective Gifford recited Cook's statement, Beeks' counsel did not object. Instead, counsel questioned Detective Gifford further:

> Q: That was Mr. Cook, okay, so Mr. Cook said he had a gun?
> A: Mr. Cook said who had a gun?
> Q: That Mr. Beeks had a gun?
> A: Mr. Cook said your client had a gun.
> . . .
> Q: . . . Since you brought it up, Mr. Cook said that Mr. Beeks had a handgun?
> A: That's correct.[4]

(7)     Beeks' counsel did not object or ask that the testimony be disregarded because he did not want to call any more attention to the statement.[5] Cook did not testify. On redirect, the State did not ask any questions regarding Cook's statement to Detective Gifford, nor did the State mention the testimony in the first part of its closing argument. In Beeks' closing argument, however, defense counsel stated that only McCallum's mother and stepfather said Beeks had a gun. On rebuttal,

---

[1] 11 *Del. C.* § 602.
[2] 11 *Del. C.* § 1447A.
[3] 11 *Del. C.* § 1442.
[4] App. to Opening Br. at 22 (Trial Test. of Det. Gifford).
[5] *Id.* at 31; Opening Br. at 6-7.

3

the State sought to correct the record and reminded the jury of Detective Gifford's statement. Beeks' counsel immediately asked for a sidebar conference.

(8) At the sidebar conference, Beeks objected to the State's repetition of Detective Gifford's hearsay testimony. He also explained that he did not object earlier to Detective Gifford's statement because he did not want to draw attention to the improper testimony. The trial judge was unsure of the substance of Detective Gifford's statement, but permitted the State to make the argument that there was another witness who said Beeks had a gun. He also permitted Beeks to object. After the conference concluded, the State continued its rebuttal and reminded the jury of Detective Gifford's testimony. Beeks objected to the testimony as hearsay. The judge then instructed the jury to rely on their own recollection as to what Detective Gifford said in court and to "make of it what you will."[6] Beeks moved for a mistrial, which the court denied. The jury found Beeks guilty of all charges. The trial judge sentenced him to ten years at Level V, suspended after three years for decreasing levels of supervision.

(9) Beeks argues that Cook's statement through Detective Gifford should not have been admitted and a mistrial should have been granted. Specifically, Beeks claims that Cook's statement through Detective Gifford was a statement by a non-testifying co-defendant and therefore inadmissible under the Confrontation Clause of the Sixth Amendment to the United States Constitution and *Bruton v.*

---

[6] App. to Opening Br. at 31 (State's Closing Statement).

*United States*.[7]  The State responds that the Confrontation Clause was not violated because Beeks was not on trial with his co-defendant Cook.  Further, the State contends that Beeks' failure to object when Detective Gifford testified constituted a waiver of any objection.  The State argues that we should not review the claim on appeal because counsel's failure to object was a strategic decision that resulted in a waiver of the right to appeal the issue.  Our standard of review for a trial court's denial of a motion for mistrial is abuse of discretion.[8]

(10)  Under *Bruton*, a defendant is deprived of his rights under the Confrontation Clause when, in a joint trial, the State's admission of a codefendant's confession incriminates the defendant, unless the confession is sufficiently redacted to exclude the possibility that the jury will use it against the defendant.[9]  As a threshold matter, *Bruton* is inapplicable.  By definition, to raise a claim under *Bruton*, the statement must come from a co-defendant in a joint trial.[10]  The State entered a *nolle prosequi* on Cook's charges prior to Beeks' trial.  Thus, they were not co-defendants and not involved in a joint trial.  Additionally, the

---

[7] 391 U.S. 123 (1968).

[8] *See Taylor v. State*, 827 A.2d 24, 27 (Del. 2003).

[9] *Id*.; *see also Smith v. State*, 647 A.2d 1083, 1089 (Del. 1994) ("In a joint trial, admission of a codefendant's confession that also incriminates the defendant violates the Confrontation Clause, unless the confession is sufficiently redacted to exclude the possibility that a jury will use it against the defendant.") (internal citation omitted).

[10] *See, e.g.*, *Lampkins v. State*, 465 A.2d 785, 794 (Del. 1983) ("The mere possibility that in a joint trial some evidence may be admitted against one defendant which is inadmissible against another is not, standing alone, a sufficient reason to require separate trials.").

State did not introduce the evidence of Cook's statement. The testimony occurred during cross-examination. *Bruton* is therefore inapplicable.

(11) It is also settled law that a conscious decision to refrain from objecting at trial as a tactical matter constitutes a waiver that precludes plain error review on direct appeal.[11] Beeks' theory of the case was that only McCallum's mother and stepfather, two biased witnesses, saw Beeks with a gun on the date of the incident, and thus a reasonable doubt existed as to whether Beeks in fact had a gun.[12] Both at trial and in his brief, Beeks admits that he did not contemporaneously object to Detective Gifford's testimony because he did not wish to call attention to it and discredit his theory of the case. This deliberate action was the result of an informed tactical decision by defense counsel. Thus, Beeks waived appellate review of any arguable claim of error.

(12) Beeks also argues that the Rules of Professional Conduct prohibited the State from mentioning the Detective's hearsay testimony during closing because hearsay statements are inadmissible regardless of the failure to object.[13] The State argues in response that hearsay testimony admitted without objection

---

[11] *Jones v. State*, 2015 WL 694151, at *3 (Del. Nov. 9, 2015) ("This Court has held that where a party elects not to object, then a waiver has occurred and plain error review is not available."); *Wright*, 980 A.2d at 1020 ("However, if the record reflects that the decision not to object at trial was a 'deliberate tactical maneuver by' defense counsel and did not result from oversight, then that action constitutes a true waiver."); *see also Stevens v. State*, 3 A.3d 1070 (Del. 2010); *Czech v. State*, 945 A.2d 1088 (Del. 2008); *Crawley v. State*, 929 A.2d 783 (Del. 2007) (Table); *Baker v. State*, 637 A.2d 825 (Del. 1993) (Table); *Tucker v. State*, 564 A.2d 1110 (Del. 1989).

[12] Opening Br. at 6-7.

[13] *See* D.R.P.C. 3.4(e).

becomes substantive evidence and part of the trial record, and can be used by the State in closing argument.

(13)   When inadmissible hearsay evidence is admitted without objection, the general rule is that the hearsay thereafter becomes part of the record and can be used to determine the facts of the case.[14]  As stated in *McCormick on Evidence*:

> [The] failure to make a sufficient objection to incompetent evidence waives any ground of complaint as to the admission of the evidence. But it has another equally important effect.  If the testimony is received without objection, the testimony becomes part of the evidence in the case and is usable as proof to the extent of its rational persuasive power.  The fact that it was inadmissible does not prevent its use as proof so far as it has probative value.  The inadmissible evidence, unobjected to, may be relied on in argument, and alone or in part it can support a verdict or finding. . . . This principle is almost universally accepted.[15]

(14)   In our adversarial system, counsel has an obligation to object to hearsay evidence, particularly if it is damaging or untrue.  When counsel fails to object to hearsay, the evidence becomes part of the record.  Any other rule would lead to the undesirable result of requiring the trial judge to police the record for unobjected to hearsay, which if missed could be raised as error after trial.  We therefore follow the "almost universally accepted" view and hold that once hearsay

---

[14] J.A. Bock, Annotation, *Consideration, in Determining Facts, of Inadmissible Hearsay Evidence Introduced Without Objection*, 79 A.L.R.2d 890 § 3 (Originally published in 1961); Tom Fulkerson, *Hearsay Admitted Without Objection: A Reassessment of Its Probative Value*, 33 BAYLOR L. REV. 983, 983 (1981) ("In the vast majority of American jurisdictions hearsay evidence admitted without objection has probative force on review.  Texas and Georgia form a distinct minority, holding that in both civil and criminal cases hearsay is without probative value, even if admitted without objection.").

[15] 1 MCCORMICK ON EVIDENCE § 54 (7th ed. 2013).

evidence is admitted without objection, a prosecutor may properly refer to the evidence in closing argument.[16]

(15) Finally, Beeks appears to make a claim for ineffective assistance of counsel. It is settled Delaware law that this Court will not consider allegations of ineffective assistance of counsel made for the first time on direct appeal.[17] Accordingly, we will not address this claim.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[16] *State v. Trewartha*, 2006 WL 2780160, at *4 (Ohio Ct. App. Sept. 28, 2006) ("Although appellant now claims that Detective Day's testimony was hearsay and should not have been utilized by the prosecutor during rebuttal, this argument rings hollow in light of his failure to object at trial. . . . [T]he prosecution is afforded considerable latitude in closing argument, and a prosecutor may comment upon the testimony and other evidence, and may suggest reasonable inferences to be drawn thereon."); *Gochicoa v. Johnson*, 118 F.3d 440, 447-48 (5th Cir. 1997) ("[T]he prosecutor's use of the hearsay evidence did not constitute prosecutorial misconduct; the hearsay statements, once admitted in evidence without objection, were a proper subject of the prosecutor's closing argument."); *People v. Dandridge*, 424 N.E.2d 1262, 1265-66 (Ill. App. 1981) (trial court properly allowed prosecutor's reference in his closing argument to two city employees' testimony where defense counsel failed to make timely objection to hearsay during the employees' testimony); *State v. Clark*, 387 So. 2d 1124, 1130-31 (La. 1980) (trial judge did not err in overruling defendant's objection to prosecutor's reference to hearsay testimony during closing argument where defendant did not object to introduction of hearsay statements when they were made); *Commonwealth v. Bennett*, 372 N.E.2d 271, 271-72 (Mass. App. 1978) (where hearsay evidence had been admitted without objection, it was reversible error for trial judge to refuse to allow defendant's counsel to comment on it in closing argument).

[17] *Desmond v. State*, 654 A.3d 821, 829 (Del. 1994).