COMMONWEALTH *vs.* FRANCIS E. FRISINO.

Hampden.    September 11, 1985. — January 31, 1986.

Present: GREANEY, C.J., BROWN, & SMITH, JJ.

*Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Assistance
of counsel, Required finding. *Evidence,* Hearsay, Prior inconsistent
statement. *Breaking and Entering.*

At the trial of an indictment charging breaking and entering at which the only
evidence of the defendant's participation in the crime consisted of two
unsworn out-of-court statements implicating the defendant made by a
participant in the house break who had pleaded guilty to the crime and
who at trial repudiated the statements and testified that the defendant
had not been involved, defense counsel's failure to object to the admission
of the statements, or to request appropriate limiting instructions, deprived
the defendant of his constitutional right to effective assistance of counsel
and, in the circumstances, required the entry of judgment for the defend-
ant. [553-556]

INDICTMENT found and returned in the Superior Court De-
partment on January 5, 1983.

The case was tried before *Eileen P. Griffin,* J.

*Wendy Sibbison* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the
Commonwealth.

BROWN, J.  On appeal from his conviction of breaking and
entering, the defendant claims that his trial counsel was inef-
fective. Our examination of the record shows that the perform-
ance of the defendant's trial counsel fell "measurably below
that which might be expected from an ordinary fallible lawyer."
*Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974).

The further question for us, however, is whether, not-
withstanding the actual performance of the defendant's counsel
at trial, the defendant has made "some showing that better
work might have accomplished something material for the de-
fense." *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115
(1977).  See *Commonwealth* v. *Adams,* 374 Mass. 722, 729

(1978). Examining the alleged errors in light of the entire trial, we think that the presentation of the defendant's case was prejudiced in a material way. See *Commonwealth* v. *Kane,* 19 Mass. App. Ct. 129, 142 (1984). The defendant has been able to demonstrate how the actions which he claims his counsel should have taken could have made a difference.[1]

At the heart of this appeal is the contention that the Commonwealth's proof implicating the defendant was legally insufficient as matter of law for submission to the jury. Two unsworn, out-of-court, prior inconsistent statements provided the only evidence of Frisino's participation in the break.

The Commonwealth's evidence, as it related to Frisino's involvement, consisted of testimony from three witnesses. The first was Thomas Thurston, a codefendant who had already pleaded guilty to the crime. Thurston asserted that he alone had committed the offense. He further testified that Frisino drove him to the house but that Frisino neither participated in the break nor aided Thurston in his escape. Thurston denied talking to a policeman on the day of the crime and asserted that his written statement detailing how he and Frisino together had committed the crime was untrue.[2] (On the cross-examination of Thurston defense counsel introduced a handwritten statement by Thurston which repudiated the written statement given to the police officer.) The homeowner, who had surprised and shot Thurston, testified that, although he heard two male voices, he only saw one person, Thurston.[3] Finally, a police officer testified that Thurston, while being treated at the hospital, had told him of Frisino's involvement. Defense counsel did not object to the introduction of either the oral or the written statement implicating the defendant. At the close of the Commonwealth's case trial counsel moved unsuccessfully for a

---

[1] The defendant is represented by new counsel on appeal.

[2] The written statement of Thurston was signed one day after the crime following a lengthy interview at the police station.

[3] We note in passing that, although the victim had given a statement to the police on the day of the incident and had subsequently testified before the grand jury, it was not until the trial that the witness mentioned "two voices."

required finding of not guilty, "based on the failure of the Commonwealth of Massachusetts to substantiate its case."

Here the use to which Thurston's two extrajudicial statements were put had a material effect on the Commonwealth's proof of the essential elements of the offense. Both statements were hearsay and would have been inadmissible if offered for the truth or affirmative substantive evidence of Frisino's involvement in the crime.[4] *Commonwealth* v. *Dabrieo,* 370 Mass. 728, 745 (1976). See *Commonwealth* v. *Campbell,* 352 Mass. 387, 395 (1967). But for the substantive, probative force of those statements, the case should not have gone to the jury, and the defendant would have been entitled to a required finding of not guilty.[5] See Liacos, Massachusetts Evidence 74, 142 (5th ed. 1981). The only reason those statements were given substantive force was trial counsel's failure either to object to their admission or to request a limiting instruction.

Even conceding admissibility of this evidence as prior inconsistent statements which might have cast doubt on Thurston's credibility, admission for that limited purpose contributes nothing to the "affirmative evidence in support of the prosecution's case." *Commonwealth* v. *Campbell,* 352 Mass. at 395. See also *Commonwealth* v. *Amado,* 387 Mass. 179, 186-187 (1982).[6] Without other evidence of Frisino's participation as

---

[4] The statements, however, would be admissible as prior inconsistent statements for the limited purpose of impeaching Thurston. See *Commonwealth* v. *Bookman,* 386 Mass. 657, 665 (1982).

[5] The standard of review for the denial of Frisino's motion for a required finding of not guilty is whether the evidence implicating him, "read in a light most favorable to the Commonwealth, was sufficient to satisfy a rational trier of fact of each element of the crime beyond a reasonable doubt." *Commonwealth* v. *Amado,* 387 Mass. 179, 186 (1982), quoting from *Commonwealth* v. *Basch,* 386 Mass. 620, 622 (1982). *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979).

Deciding as we do, we need not discuss whether in these circumstances there should have entered a finding of not guilty pursuant to Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979). See in this regard, *Commonwealth* v. *Blavackas,* 11 Mass. App. Ct. 746, 752-753 (1981). See also *Commonwealth* v. *Reynolds,* 338 Mass. 130, 136 (1958).

[6] In *Commonwealth* v. *Amado,* an eyewitness denied making any pretrial identification of the defendant as the assailant. Without an in-court identifi-

a principal, a request that those statements be considered only for impeachment purposes would have ensured a required finding of not guilty. Liacos, Massachusetts Evidence 142 (5th ed. 1981). Cf. *Commonwealth* v. *Costa,* 354 Mass. 757 (1968); *Commonwealth* v. *Gil,* 393 Mass. 204, 220 (1984). Since defense counsel neither objected to the admission of those statements nor requested a limiting instruction, "[t]he consequences of such action on the part of counsel, in our judgment, are such as to deprive the defendant of a fair trial." *Commonwealth* v. *Sarvela,* 16 Mass. App. Ct. 934, 935 (1983), quoting from *Lowery* v. *Cardwell,* 575 F.2d 727, 730 (9th Cir. 1978).

The Commonwealth makes two arguments relating to the question of sufficiency. Neither is persuasive. First, the Commonwealth asserts that Thurston's signed but unsworn statement could properly have been considered for its truth even over objection. This is an attempt to extend the holding in *Commonwealth* v. *Daye,* 393 Mass. 55 (1984), a notion which has already been rejected by the Supreme Judicial Court. See *Commonwealth* v. *Weaver,* 395 Mass. 307, 311 (1985).[7] Second, the Commonwealth argues that, even if Thurston's extrajudicial statements should have been excluded from the consideration of the Mass.R.Crim.P. 25 motion, there was other evidence sufficient to allow the judge to submit the case to the jury. We disagree. Frisino's presence at the time Thurston decided to make the break is not enough, *Commonwealth* v. *Murphy,* 1 Mass. App. Ct. 71, 76 (1973), and even if it might properly be inferred that a second person was helping Thurston, there is nothing which warrants a conclusion that that person

---

cation, the testimony of police officers that he had picked out the defendant's photograph was not sufficient to warrant conviction, and it was error to deny a motion for a required finding of not guilty. The court said "When the extrajudicial identification evidence is viewed as a whole, there is more than a credibility question. There is a lack of probative evidence that an extrajudicial identification was made at all." 387 Mass. at 189.

[7] "We are unwilling to create another exception to the rule that would admit for their truth statements made in circumstances lacking the 'atmosphere of formality' which exists in grand jury proceedings." 395 Mass. at 311.

The *Weaver* case was decided after the briefs were filed in this case. The Commonwealth, commendably, directed the court's attention, by way of

was Frisino.[8] See *Commonwealth* v. *Fancy,* 349 Mass. 196, 200 (1965) (presence in an apartment where stolen whiskey was found, and association with persons who committed larceny, not enough). The instant case is like *Berry* v. *Commonwealth,* 393 Mass. 793, 795-796 (1985), where the jury could only speculate that the defendant was more likely than another to have been the perpetrator. If this was all the evidence permissible for the jury to consider, the motion for a required finding should have been allowed. See *Commonwealth* v. *Salemme,* 395 Mass. 594, 601 (1985).

In general, failure to act is not a basis for finding ineffectiveness of counsel. See *Commonwealth* v. *Medina,* 20 Mass. App. Ct. 258, 261 (1985), and cases cited. This is not a case, however, where "better work *might* have accomplished something material for the defense" (emphasis supplied). *Commonwealth* v. *Satterfield,* 373 Mass. at 115. Nor is this case like *Commonwealth* v. *Domaingue,* 8 Mass. App. Ct. 228, 234 (1979), and *Commonwealth* v. *Boutwell, ante* 201, 209 (1985), where "[t]he Commonwealth's case against the defendant was compelling, and trial counsel was left with few cards to play." Here, the case was not compelling and trial counsel held, but never played, the highest trump. Counsel's failure to act was "so grave, so fundamental" an error that it did not merely "affect" the outcome, *Commonwealth* v. *McGann,* 20 Mass. App. Ct. 59, 61 (1985), regrettably it allowed a legally insufficient case to go to the jury.[9] Regardless of the quality of the

---

memorandum and again at oral argument, to *Weaver* as well as another later decided case. Both decisions supported a position adverse to the Commonwealth. Such advocacy comports with the highest level of professionalism and deserves to be praised as exemplary ethical conduct.

[8] The appearance in a police photograph of footprints in the snow is of no avail, as apparently no attempt was ever made to compare the impressions with the defendant's shoes.

[9] The defense also points to counsel's failure to move to exclude evidence of Frisino's prior convictions as ineffective assistance. See, in this regard, *Commonwealth* v. *Maguire,* 392 Mass. 466, 470 (1984). Unlike the evidentiary question, however, this decision, when made, "did not appear to be beyond the range of reasonableness." *Commonwealth* v. *Adams,* 374 Mass. 722, 730 (1978). In any event, "we cannot say that . . . [such a tactic] would have been successful [so] as to make the failure to file it an indicium

lawyering over-all, "a mistake as serious in its likely effect as this amounts to ineffective assistance of counsel." *Commonwealth* v. *Rossi,* 19 Mass. App. Ct. 257, 260 (1985). Cf. *Commonwealth* v. *Westmoreland,* 388 Mass. 269, 274 (1983), and *Commonwealth* v. *Street,* 388 Mass. 281, 287-288 (1983) (instances where counsel's closing argument "left his client denuded of a defense"). Frisino was deprived of much more than a possibly effective defense; he was deprived of a required finding of not guilty.[10]

The Commonwealth also argues that the defendant's failure to move for a new trial forecloses this issue on appeal. Moving for a new trial is the customary practice in situations involving ineffective assistance of counsel. Here the relief sought is not a new trial but reversal based on a record which clearly shows the Commonwealth's case to be deficient. A motion for a new trial was not required. See *Commonwealth* v. *Cross,* 4 Mass. App. Ct. 54, 57 (1976).

Although trial counsel here may not have been "a walking violation of the Sixth Amendment" (*Commonwealth* v. *Medina,* 20 Mass. App. Ct. at 259), his inaction and apparent failure to recognize important evidentiary principles amounted to ineffective assistance of counsel. The defendant was entitled to better representation. The judgment is reversed, the verdict is set aside, and judgment is to enter for the defendant.

*So ordered.*

---

of inadequacy." *Commonwealth* v. *Cross,* 4 Mass. App. Ct. 54, 56-57 (1976).

[10] In light of this conclusion, the questions of the propriety and possible prejudicial effect of the prosecutor's telling the jury, in closing, that Thurston "had nothing to lose" need not be addressed. It goes without saying that careful preparation will reduce greatly the possibility of an unfortunate prosecutorial misstep.