COMMONWEALTH vs. ZACHERY LANE.

No. 88-P-633.

Suffolk. June 7, 1989. — June 29, 1989.

Present: ARMSTRONG, KASS, & FINE, JJ.

*Identification. Practice, Criminal,* Required finding.

In a criminal case, the defendant's motion for required findings of not guilty should have been allowed where the evidence left the identification of the victim's assailant a matter of conjecture for the jury. [527-529]

INDICTMENTS found and returned in the Superior Court Department on November 13, 1986.

The cases were tried before *Charles M. Grabau,* J.

*Esther J. Horwich* for the defendant.

*Lauren Inker,* Assistant District Attorney, for the Commonwealth.

FINE, J. Late one night, while at home alone in Jamaica Plain with her three dogs, the victim was accosted by a male intruder who, over the course of several minutes, held a knife to her throat, robbed her, and threatened to rape her. The Commonwealth and the defendant stipulated that the crimes described by the victim had been committed. The only contested issue was the identity of the assailant. A Superior Court jury, believing that the defendant was the assailant, convicted him of armed robbery, armed burglary and assault on an occupant, and assault with intent to rape. He raises numerous issues on appeal, but we need address only one, the sufficiency of the Commonwealth's evidence linking him to the crimes.

The Commonwealth's identification evidence, viewed in its most favorable light, proved only that one of two individuals committed the crimes. The identification testimony from the victim was no stronger as to one of the individuals than the other. Apart from the victim's identification testimony, there

was no evidence that the defendant had any connection with the incident. No rational trier of fact, therefore, could have concluded, beyond a reasonable doubt, that the defendant, one of the two individuals identified by the victim, was guilty of the crimes. The defendant's motion for required findings of not guilty, pursuant to Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979), should have been allowed. See *Berry* v. *Commonwealth*, 393 Mass. 793, 795-796 (1985); *Commonwealth* v. *Salemme*, 395 Mass. 594, 599 (1985); *Commonwealth* v. *Frisino*, 21 Mass. App. Ct. 551, 555 (1986); *United States* v. *Johnson*, 427 F.2d 957, 961 (5th Cir. 1970). Contrast *Commonwealth* v. *Bishop*, 9 Mass. App. Ct. 468, 472-473 (1980).

The Commonwealth's identification evidence consisted of the following. Shortly after the incident occurred in her home, the victim examined approximately 300 photographs at the police station and, from those, selected a photograph of the defendant. She also identified him in court at a probable cause hearing and at trial. At the probable cause hearing, however, she stated that her assailant had a darker complexion than the defendant.

About six months after the incident, from an excellent vantage point, the victim observed a man on a subway train and concluded that he was her assailant. The man acted suspiciously: watching the victim, following her as she left the train, remaining in the station for most of the time she spent waiting in a position of safety, and waiting again outside the station. The victim called the district attorney's office from her home to notify the prosecutor that she had seen her assailant. Later, at the probable cause hearing, she stated that she had no doubt that the person she had seen on the subway was her assailant.

The defendant could not have been the person the victim saw on the subway as, at the time, he was in the Charles Street jail. The prosecutor stipulated at trial that the defendant and the individual on the subway, apparently look-alikes, were not the same person. The victim learned a few days before trial that the defendant could not have been the person she had seen on the subway. Yet she did not back away at trial from her previous statement that the person on the subway was her assailant.

The victim's identification of the person on the subway was at least as strong as her identification of the defendant. The first in-person identification she made was of the person on the subway, and it was made spontaneously without any suggestive circumstances. The identification of the defendant was made soon after the crime, but it was based only upon the victim's selection of a photograph of the defendant's face from a police mug shot book. The Commonwealth's evidence, thus, left the matter of identification one of conjecture for the jurors. See *Commonwealth* v. *Saez*, 21 Mass. App. Ct. 408, 413 (1986).

Consequently, we must reverse the judgments, set aside the verdicts, and order entry of judgments of acquittal.

*So ordered.*