COMMONWEALTH *vs.* CASWELL WHYTE. No. 95-P-1442. September 12, 1997. *Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Assistance of counsel. *Evidence,* Hearsay.

At a jury trial, the defendant was found guilty of trafficking in a controlled substance (cocaine). See G. L. c. 94C, § 32E(*b*)(2). Represented by new counsel on appeal, the defendant claims that his trial counsel was ineffective.[1] We agree, as the circumstances of this case are controlled in material respects by *Commonwealth* v. *Frisino*, 21 Mass. App. Ct. 551 (1986). "[T]he Commonwealth's proof implicating the defendant was legally insufficient as matter of law for submission to the jury." *Id.* at 552. But for the "substantive, probative force" of inadmissible hearsay evidence, the Commonwealth could not have satisfied its burden of proof beyond a reasonable doubt. *Id.* at 553.

The defendant easily satisfies both prongs of the so-called *Saferian* test. See the trilogy: *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974); *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977); *Commonwealth* v. *Adams*, 374 Mass. 722, 728-729 (1978). Defense counsel's trial tactics were " 'manifestly unreasonable' when undertaken." *Commonwealth* v. *Sielicki*, 391 Mass. 377, 379 (1984). Defense counsel later stated on the record that it was part of her trial strategy not to object to much of the hearsay testimony previously elicited. We think that if that was her intention, then defense counsel's judgment was "so manifestly unreasonable as to be unprotected by the labels of 'trial strategy' or 'trial tactics.' " *Commonwealth* v. *Adams, supra* at 728. See *Commonwealth* v. *Lykus*, 406 Mass. 135, 139-140 (1989).

As there was no direct evidence that the defendant possessed the cocaine, the Commonwealth was obliged to prove constructive possession. It was able to do so only because trial counsel failed to object to inadmissible hearsay evidence.[2] Thus, "[t]he consequences of such . . . [inaction] on the part of counsel, in our judgment, are such as to deprive the defendant of a

---

[1]For a particularly useful summary restatement of the applicable standard of review, see *Commonwealth* v. *DiGeronimo*, 38 Mass. App. Ct. 714, 719 n.6 (1995).

[2]At the close of the Commonwealth's testimony when the defendant moved for a required finding of not guilty precisely on this issue, the judge pointed out that "all the evidence of the conversation between the police officer and the defendant's girlfriend

Rescript Opinions.

fair trial." *Commonwealth* v. *Frisino, supra* at 554, quoting from *Commonwealth* v. *Sarvela*, 16 Mass. App. Ct. 934, 935 (1983). See *Commonwealth* v. *Rossi*, 19 Mass. App. Ct. 257, 258-260 (1985).

Here, "[c]ounsel's failure . . . was 'so grave, so fundamental' an error that it did not merely 'affect' the outcome, *Commonwealth* v. *McGann*, 20 Mass. App. Ct. 59, 61 (1985), regrettably it allowed a legally insufficient case to go to the jury." *Commonwealth* v. *Frisino, supra* at 555 (footnote omitted). We conclude that the defendant's motion for a required finding of not guilty at the close of the Commonwealth's case would, and should, have been allowed were it not for counsel's error in judgment.[3] See Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979).

> *Judgment reversed.*
>
> *Verdict set aside.*
>
> *Judgment for defendant.*

*Jo Ann Citron* for the defendant.

*William Bennett*, District Attorney, & *Jane Davidson Montori* & *Dianne M. Dillon*, Assistant District Attorneys, for the Commonwealth, submitted a brief.

---

came into evidence without objection and all the evidence of the conversation with the police officer and, I think the female owner of the house, came into evidence without objection, placing the defendant in that room, sharing it with the girlfriend." He went on to say that "[a]ll of it went in without objection. As far as everything else goes in the case I am going to deny the motion at the close of all the evidence."

[3] A claim of ineffective assistance is usually "best left for resolution in the first instance by the trial judge on a motion for new trial." *Commonwealth* v. *Adamides*, 37 Mass. App. Ct. 339, 344 (1994), quoting from *Gibney* v. *Commonwealth.*, 375 Mass. 146, 148 (1978). However, when, as here, "the factual basis of the claim appears indisputably on the trial record," such a claim "may be resolved on direct appeal of the defendant's conviction." *Commonwealth* v. *Adamides*, 37 Mass. App. Ct. at 344.