COMMONWEALTH *vs.* RONALD L. McCRAE.

No. 00-P-726.

Suffolk. December 17, 2001. - February 22, 2002.

Present: GREENBERG, DOERFER, & COHEN, JJ.

*Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Assistance of counsel. *Indecent Assault and Battery. Evidence,* Spontaneous utterance.

A criminal defendant was provided with ineffective assistance of counsel, and his convictions for indecent assault and battery on a person fourteen years of age or older were to be reversed, where counsel's performance fell well below that expected of the ordinarily fallible lawyer, in that counsel virtually conceded an essential element of the Commonwealth's case, lack of consent, in favor of a trial strategy that was manifestly unreasonable in contending that the defendant made an honest mistake of fact about the willingness of the complainant to engage in sexual foreplay, a defense not available to the defendant as a matter of law. [29-30]

At the trial of a three-count complaint for indecent assault and battery on a person fourteen years of age or older, there was adequate foundation to admit the complainant's statements to the police as excited utterances, and motions to dismiss were properly denied because the defendant's convictions on two of the counts were not duplicative. [30]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on January 23, 1997.

The case was tried before *Thomas J. May,* J.

*William S. Smith* for the defendant.

*Alex Philipson,* Assistant District Attorney, for the Commonwealth.

DOERFER, J. The defendant was convicted on two counts of a three-count complaint for indecent assault and battery on a person fourteen years of age or older. He was acquitted on a third count. His counsel's strategy at trial was to argue that the defendant made an honest mistake of fact about the willingness of the complainant to engage in sexual foreplay, a defense not available to him as a matter of law. See *Commonwealth* v. *Sim-*

*cock*, 31 Mass. App. Ct. 184, 189-192 (1991). See also *Commonwealth* v. *Ascolillio*, 405 Mass. 456, 463 (1989); *Commonwealth* v. *Lopez*, 433 Mass. 722 (2001); *Commonwealth* v. *Fionda*, 33 Mass. App. Ct. 316, 326 (1992). The record reveals that the evidence at trial provided ample opportunity for counsel to develop and argue the defense that the complainant had engaged in consensual conduct. However, defense counsel's chosen strategy foreclosed this otherwise available and legally viable defense. In these circumstances, the defendant was provided with ineffective assistance of counsel, and his convictions must be reversed.

*The evidence at trial.* The defendant and the complainant had struck up an acquaintance in connection with her employment at a video store. The defendant was a customer who would show up around closing time and provide her a ride home. On the evening in question he asked her and she agreed to stop at his apartment while he picked up something he needed. What occurred there was subject to differing interpretations. She entered his bedroom and eventually sat on his bed. He made advances, including putting his hand on her breast and genital area. At some point she said stop (the exact point being subject to dispute) and became agitated. He then called a cab for her, and she went home.

The complainant's brother heard about the encounter when she got home and called the defendant, making threatening statements. Hearing this, the complainant's sister called the police.

The defendant also called the police to report that the complainant's brother had threatened to shoot him. The meaning of the statements which the defendant made to the police is subject to interpretation. According to Officer David Williams, who responded to the defendant's phone call, the defendant said that he brought a young lady he met at a video store home to his apartment, that he and the young woman began kissing and caressing one another and that, at some point, she told him that she did not want to do this and asked to go home. The Commonwealth argues that the defendant's statement was an admission that he proceeded without the complaining witness's

consent. The defendant, however, argues that the statement, if believed, reveals that the touching between the complaining witness and the defendant was consensual, up to the point where she expressed her desire to stop.[1]

*Ineffective assistance of counsel.* The standards upon which the effectiveness of counsel will be evaluated are well known. The defendant must show that counsel's performance "f[ell] measurably below that which might be expected from an ordinary fallible lawyer" and that, as a result, the defendant has been deprived of "an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). Further, where, as here, the claimed deficiency in counsel's performance may be viewed as a tactical decision, the defendant must demonstrate that counsel's chosen strategy was "manifestly unreasonable." *Commonwealth* v. *Hill*, 432 Mass. 704, 718 (2000), quoting from *Commonwealth* v. *Martin*, 427 Mass. 816, 822 (1998).[2]

Here, the entire defense mounted by defendant's counsel was premised on an incorrect view of the law relating to good faith mistake of fact in a sexual assault case. Her aim at trial was to show that the defendant mistakenly and in good faith believed that the complainant had consented to the physical contacts, and that as soon as he discovered she did not consent to such activities, he ceased his advances and apologized. Of course the trial judge was unwilling to instruct the jury that this was a valid issue in the case.[3] More importantly, this defense virtually conceded an essential element of the Commonwealth's case,

---

[1]Our consideration of this issue is made difficult because the relevant portion of Officer Williams's testimony is not transcribed due to a lapse in the tape recording of his testimony. It appears from the record that as one tape was being removed and another was being inserted, some of his words went unrecorded. Additionally, the defendant did not testify at trial. Thus, we are left with a transcription of an incomplete recording of Officer Williams's account of what was said.

[2]There was no need to consider this issue in the context of a motion for a new trial because the trial record provides all the facts necessary to decide the issue. See *Commonwealth* v. *Adamides*, 37 Mass. App Ct. 339, 344-345 (1994); *Commonwealth* v. *North*, 52 Mass. App. Ct. 603, 614 (2001).

[3]In this direct appeal from his conviction, the defendant makes no claim that the judge erred on this point.

lack of consent.[4] The judge's charge was bound to drive the nail home: all the Commonwealth needed to prove, as to a touching that was otherwise proven and properly characterized as indecent, was that the complaining witness did not consent to it. There was no way the defendant could escape conviction unless the jury disregarded the judge's charge and adopted defense counsel's argument that he should be acquitted because he made a good faith mistake as to the complaining witness's actual consent.

In these circumstances, counsel's performance fell well below that expected of the ordinarily fallible lawyer, in that counsel "essentially abandoned a viable defense in favor of a trial strategy that was manifestly unreasonable." *Commonwealth* v. *Sarvela*, 16 Mass. App. Ct. 934 (1983).

*Other issues.* We have reviewed the record and are satisfied that there was adequate foundation to admit the complainant's statements to the police as excited utterances. See *Commonwealth* v. *Marshall*, 434 Mass. 358, 364-365 (2001).

Finally, although the encounter could be viewed as one continuous event, there was a rational view of the evidence that distinct acts of touching proceeded in stages and that consent was withdrawn along the way. Indeed, the jury acquitted the defendant on one of the three counts. The defendant's motions to dismiss were properly denied because the convictions on two counts were not duplicative. See *Commonwealth* v. *Fitzpatrick*, 14 Mass. App. Ct. 1001, 1002-1003 (1982); *Commonwealth* v. *Brouillard*, 40 Mass. App. Ct. 448, 449 n.3 (1996). See also *Commonwealth* v. *Gurney*, 13 Mass. App. Ct. 391, 401 (1982). Compare *Commonwealth* v. *Morin*, 52 Mass. App. Ct. 780, 785-788 (2001).

*Judgments reversed.*

*Verdicts set aside.*

---

[4]For example, in her closing argument, defense counsel stated, "[The defendant] thought [the victim] wanted [a relationship], too. Hindsight is twenty-twenty, and now we can see that [the defendant] might have moved faster than she wanted him to . . . . She agrees that she was in his bedroom after work. [The defendant] took this as a sign of mutual consent . . . . There's a difference between moving too fast and committing sexual assault . . . . [The defendant] is simply a man who liked a woman. He thought she liked him back and sorry [inaudible]."