COMMONWEALTH *vs.* SHAUNA BOOTHBY.

No. 04-P-400.

Bristol. May 5, 2005. - September 21, 2005.

Present: ARMSTRONG, C.J., PERRETTA, & GREEN, JJ.

*Motor Vehicle,* Operating under the influence, Operation. *Negligence,* Motor vehicle. *Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Assistance of counsel, Failure to make objection, Hearsay. *Evidence,* Hearsay, Corroborative evidence.

At the trial of complaints charging the defendant with operating a motor vehicle while under the influence of intoxicating liquor, trial counsel's failure to object to the admission of hearsay testimony corroborating the defendant's out-of-court admission allowed a previously legally insufficient case to go to the jury and deprived the defendant of a required finding of not guilty, and thus constituted ineffective assistance. [583-585]

COMPLAINTS received and sworn to in the Attleboro Division of the District Court Department on July 23, 2003.

The cases were tried before *Robert E. Baylor*, J.

*Susan F. Damiano* for the defendant.

*Alison R. Bancroft*, Assistant District Attorney, for the Commonwealth.

ARMSTRONG, C.J. The defendant appeals from her convictions of operating a motor vehicle while under the influence of intoxicating liquor, G. L. c. 90, § 24(1)(*a*)(1), and of negligent operation of a motor vehicle, G. L. c. 90, § 24(2)(*a*). We conclude that her trial attorney's failure to object to hearsay testimony constituted ineffective assistance of counsel, and we remand the case for a new trial.

On July 22, 2003, at 3:00 A.M., Mansfield police Officer Paul Whitty arrived at the scene of a single-car rollover accident on Route 106 in Mansfield. Three people, including the defendant, were seated on the curb. One of the three, Brandon Travis, im-

mediately approached the officer and told him that he (Travis) had been driving at the time of the accident. After Travis failed a series of field sobriety tests, the officer arrested him. At that point, the defendant, the registered owner of the car, approached the officer and told him that she had been operating the vehicle. The defendant also failed field sobriety tests.

The officer asked Ryan Hitchcock, the third person, if he knew who had been operating the car. Hitchcock responded that he was "ninety percent sure" the defendant was driving, because he remembered her saying she wanted to drive. The officer then arrested the defendant and placed Travis in protective custody. The officer testified that after he arrested the defendant, Travis told him: "I want to take the rap."

At trial, the officer repeated Hitchcock's "ninety percent" statement without objection. Also without objection, the officer testified that in his opinion the defendant had been the driver of the car. Hitchcock did not testify.

Travis testified that he, Hitchcock, and the defendant were returning to his home after dropping off two friends, Kelly McDougall and John Nogler, at McDougall's home. McDougall testified that Travis was driving as the car left her home. Travis and the defendant testified that Travis was driving the car when the accident occurred.

The defendant's admission would not be enough to warrant a finding by the jury on the element of operation without some corroborative evidence that she was the driver. See *Commonwealth* v. *Forde*, 392 Mass. 453, 457-458 (1984); *Commonwealth* v. *Adams*, 421 Mass. 289, 291 (1995). Hitchcock's "ninety percent" statement provided the necessary corroboration of the defendant's confession[1]; but for its probative force, the defendant would have been entitled to a required finding of not guilty.[2] Compare *Commonwealth* v. *Frisino*, 21 Mass. App. Ct. 551, 555-556 (1986).

---

[1]Because defense counsel did not object to its admission, the statement was received for its full probative value. *Commonwealth* v. *Adams*, 421 Mass. at 291.

[2]The Supreme Judicial Court adopted the corroboration rule in *Commonwealth* v. *Forde*, 392 Mass. at 458: "The corroboration rule requires only that there be some evidence, besides the confession, that the criminal act was

The "ninety percent" statement, made out of court and offered for the truth of its contents, was inadmissible as hearsay not subject to any exception. See *Commonwealth* v. *Keizer*, 377 Mass. 264, 269 n.4 (1979). See generally Young, Pollets, & Poreda, Evidence § 801.3 (2d ed. 1998). Trial counsel's failure to object to its admission allowed a previously legally insufficient case to go to the jury and deprived the defendant of a required finding of not guilty.[3] Compare *Commonwealth* v. *Frisino*, 21 Mass. App. Ct. at 555-556. This is not a case where "better work *might* have accomplished something material for the defense" (emphasis supplied), *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977); here, "trial counsel held, but never played, the highest trump." *Commonwealth* v. *Frisino*, 21 Mass. App. Ct. at 555.

committed by someone, that is, that the crime was real and not imaginary."

As we discussed in *Commonwealth* v. *Manning*, 41 Mass. App. Ct. 18, 20 (1996), a case involving a charge of operating a motor vehicle while under the influence of intoxicating liquor, where an intoxicated person, alone at the scene of a one-car crash, confesses to being the driver, this requirement is satisfied through evidence of the circumstances of the crash. To the same effect, see *Commonwealth* v. *McNelley*, 28 Mass. App. Ct. 985, 987 (1990). Where more than one possible driver is at the scene, the confession of one to being the driver requires corroboration. See *Commonwealth* v. *Leonard*, 401 Mass. 470, 472-473 (1988) (defendant's admission to being driver needed corroboration where he and his wife were fighting over keys and she also claimed to have been driver); *Commonwealth* v. *Adams*, 421 Mass. at 291-292 (two-car collision; defendant's admission to being driver of one car corroborated by driver of other car).

The officer's opinion (which was implicit in his arrest of the defendant) could not be treated as evidence sufficiently probative to corroborate the defendant's extrajudicial confession. Cf. *Commonwealth* v. *Sholley*, 432 Mass. 721, 733 (2000), cert. denied, 532 U.S. 980 (2001). Should it be treated as supplying the necessary corroboration, it would not alter the result we reach, because the opinion testimony was clearly objectionable, see *Commonwealth* v. *Hesketh*, 386 Mass. 153, 161-162 (1982), and would have been excluded on proper objection.

The defendant's registered ownership of the car and Travis's statement that he wanted "to take the rap" did not independently corroborate the defendant's confession. See *Commonwealth* v. *Leonard*, 401 Mass. at 473 (defendant's demand that his wife "give . . . back" keys and presence of wife's cigarettes on passenger side of car insufficient to corroborate defendant's confession of operation).

[3]Even if, as the Commonwealth argues, trial counsel used the statement to show that the officer based his decision to arrest the defendant on unreliable information, attacking the probative force of the statement was not a reasonable strategic choice when the statement could have been excluded altogether.

Although a claim of ineffective assistance is usually best resolved in the first instance by the trial judge on a motion for a new trial, see *Commonwealth* v. *Adamides*, 37 Mass. App. Ct. 339, 344 (1994), where, as here, the existing record clearly shows the deficiency in the Commonwealth's case, such a motion is unnecessary. See *Commonwealth* v. *Frisino*, 21 Mass. App. Ct. at 556; *Commonwealth* v. *Adamides*, *supra.* Unlike *Frisino*, judgments for the defendant are not warranted in this case, because the Commonwealth could potentially produce Hitchcock as a witness in a new trial.

*Judgments reversed.*

*Verdicts set aside.*