NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-205

COMMONWEALTH

vs.

MANUEL D. ALVAREZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On appeal from his conviction in a jury-waived trial on a charge of assault and battery, see G. L. c. 265, § 13A (a), the defendant contends that the evidence was insufficient to support his conviction and, in an appeal from an order denying his postconviction motion for a new trial, consolidated with his direct appeal, contends that he received ineffective assistance of counsel. We conclude that the evidence at trial was sufficient to support his conviction, but agree that his motion for a new trial should have been allowed.

Sufficiency. The defendant's challenge to the sufficiency of the evidence is directed to the Commonwealth's proof of identity of the defendant as the perpetrator of the battery against the victim. In brief summary, the evidence at trial demonstrated that, while in the emergency room at North Shore

Medical Center in Salem, the defendant became violent and bit one of the nurses who attempted to restrain him.  When police responded, the victim advised the responding officer that his assailant was in a room that he identified by room number and by pointing to it (the room was approximately fifteen yards away).  Upon entering the room, the officer observed only one person, the defendant.[1]  The evidence, thus summarized, was sufficient to support the conclusion that the defendant was the person who committed the battery.  See Commonwealth v. Galicia, 447 Mass. 737, 748 (2006).  The defendant's suggestion that the absence of evidence of the temporal interval between the battery and the officer's arrival opens the possibility that the occupant of the room had changed between the time of the attack and the officer's arrival goes to the weight, rather than the sufficiency, of the evidence.  In any event, the officer's testimony describing the information he received did not depend on his prompt arrival after the attack; he testified that the victim "pointed out" "the defendant's room" to him.

Ineffective assistance.  The defendant separately contends that his trial counsel was ineffective in her failure to object to the testimony of the responding officer just described.

---

[1] The defendant matched a very general physical description provided by the victim, but it was too general, standing alone, to identify him as the perpetrator.

Under the rule announced in Commonwealth v. Herndon, 475 Mass. 324, 334 (2016), such an objection would have been successful.[2] In her affidavit submitted with the defendant's new trial motion, trial counsel acknowledged that she did not consider objecting to the testimony on the basis of the Herndon rule, and offered no strategic reason for that failure.[3]  Though identity was not a live issue at trial,[4] alert counsel could have mounted a viable identity defense.  As the trial unfolded, it is clear that "better work [by counsel] might have accomplished something material for the defense."  Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977).

The Commonwealth contends (and the motion judge agreed) that the error was immaterial because, had counsel successfully excluded the officer's testimony, the Commonwealth could have recalled the victim to provide the required predicate.  But Herndon explicitly provides otherwise.  See Herndon, 475 Mass.

---

[2] Under that rule, the Commonwealth is required to "inquire directly of the [declarant] about the alleged prior identification before introducing evidence of that alleged identification through a third-party witness."  Herndon, 475 Mass. at 334.  The victim provided no such testimony during the trial.

[3] Trial counsel also acknowledged that she should not have referred to the person the officer encountered in the hospital room as "the defendant," since that implicitly conceded identity.

[4] The defendant's trial counsel sought to justify the defendant's attack against the victim on grounds of self-defense or necessity.

at 334, quoting <u>Smith</u> v. <u>State</u>, 669 A.2d 1, 8 (Del. 1995) ("The opportunity to recall the declarant witness after the statement has been introduced through a third party is too limited, and inappropriately places a 'strategic burden on the non-offering party'").[5]

   <u>Conclusion</u>.  The judgment is vacated, and the finding is set aside.  The order denying the defendant's motion for a new trial is reversed.  The case is remanded to the District Court for such further proceedings as may be appropriate.[6]

<u>So ordered</u>.

By the Court (Green, C.J.,
  Rubin & Massing, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  March 1, 2023.

---

[5] The Commonwealth suggests that the quoted statement should not apply in a jury-waived trial, but the Supreme Judicial Court imposed no such limitation.

[6] The defendant submitted a letter pursuant to Mass. R. A. P. 16 (l), as appearing in 481 Mass. 1628 (2019), responding to a question at oral argument by reference to citation to <u>Commonwealth</u> v. <u>Frisino</u>, 21 Mass. App. Ct. 551, 552-556 (1986), and suggesting that we should order entry of a judgment of not guilty.  In our view, the circumstances of the present case more closely resemble those in <u>Commonwealth</u> v. <u>Sepheus</u>, 468 Mass. 160, 173 (2014).

[7] The panelists are listed in order of seniority.

4