NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-806

COMMONWEALTH

vs.

JOHN A. FEDORISKY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, John A. Fedorisky, crashed his motor vehicle into a guardrail, hitting his head on his windshield. A responding trooper administered field sobriety tests to the defendant and concluded that he was impaired. During a jury trial in District Court, the defense attorney forgot to admit a photograph showing the extent of the defendant's head injury to explain his postcrash demeanor and performance on field sobriety tests. The defendant was convicted of operating under the influence of liquor, G. L. c. 90, § 24 (1) (a) (1), and negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a).[1] The trial judge allowed the defendant's motion

---

[1] The negligent operation case was placed on file until the end of the day, without objection from either party. The trial judge found the defendant not responsible on a marked lanes violation, G. L. c. 89, § 4A.

for a new trial based on ineffective assistance of counsel.[2] Concluding that the judge acted within his discretion in allowing the motion for a new trial, we affirm.

1. Standard of review. "On the Commonwealth's appeal of the grant of a defendant's motion for a new trial, we consider whether the judge committed a significant error of law or abuse of discretion in allowing the defendant's motion." Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), S.C., 478 Mass. 189 (2017). When the basis for a motion for a new trial is a claim of ineffective assistance of counsel, "the defendant must show that the behavior of counsel fell measurably below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Prado, 94 Mass. App. Ct. 253, 255 (2018), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "We give particular deference to the decision of a motion judge who was also the trial judge." Commonwealth v. Moreno, 102 Mass. App. Ct. 321, 326 (2023).

---

[2] The judge's endorsement does not state whether the judge ordered a new trial on both counts, or just the count of operating under the influence of alcohol. We invited the parties at oral argument to present their views on this question. The Commonwealth opined that the judge ordered a new trial on both counts, and the defendant failed to respond. We write under the assumption that the judge ordered a new trial on both counts.

2

2. <u>Ineffective assistance of counsel</u>. The trial judge permissibly found that forgetting to admit an important exhibit fell measurably below that of an ordinary, fallible lawyer, and that it likely deprived the defendant of an otherwise available, substantial ground of defense. The Commonwealth's case against the defendant was based on his crashing his vehicle as well as his demeanor, smell, appearance, admission of drinking earlier that night, and performance on field sobriety tests. The defense was that, although the defendant had consumed alcohol earlier that evening, he was sober when he crashed. The defense explained the defendant's poor performance on the field sobriety tests by arguing that he was dizzy and in shock after the crash. The plausibility of this defense turned on how seriously injured the defendant was after the crash.

At trial, the evidence of the defendant's head injury was far from compelling. The trooper did not mention a laceration at all during direct examination, and the trooper's testimony about the location of the laceration during cross-examination was inconsistent, with the trooper at one point claiming that he "didn't note the laceration on the [defendant's] forehead" and just saw "blood on the [defendant's] nose." The unadmitted photograph, on the other hand, was telling. It showed an approximately one-inch long swollen laceration held together by stitches on the defendant's forehead. The trial judge acted

3

within his discretion in granting a new trial where defense counsel simply forgot to admit this important photograph. See Commonwealth v. McCrae, 54 Mass. App. Ct. 27, 29-30 (2002) (ineffective assistance of counsel where attorney mistakenly pursued defense inapplicable to charge). See also Commonwealth v. Acevedo, 446 Mass. 435, 451 (2006) (ineffective assistance of counsel where attorney failed to request mitigating instruction). Cf. Commonwealth v. Britt, 465 Mass. 87, 94 (2013) (counsel not ineffective for failing to present cumulative evidence about parking options available to defendant where counsel pointed out lack of options during view and reminded jury during closing argument).

Order allowing motion for new trial affirmed.

By the Court (Ditkoff, Englander & Brennan, JJ.[3]),

Ame M. Thomas

Assistant Clerk

Entered: May 2, 2024.

---

[3] The panelists are listed in order of seniority.

4