NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-478

COMMONWEALTH

vs.

JULIO M. MEDINA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his conviction of operating under the influence (OUI) of intoxicating liquor in violation of G. L. c. 90, § 24 (1) (a) (1). The jury could have found the following facts, all contained in the testimony of State Trooper Ryan Durkin, the only witness called during the defendant's trial. Trooper Durkin responded to a single vehicle crash on the southbound side of Interstate Route 93. The trooper, driving northbound on 93, passed the crash with his lights and sirens on, before turning around and approaching the vehicle on the southbound side of the road. The vehicle was pinned against the breakdown lane guardrail facing the opposite direction of traffic. Because it was pinned against the guardrail, the

driver's side door could not be opened.  The trooper observed

that there were two people in the car: one, the defendant, was

sitting in the rear seat on the driver's side, and the other,

the registered owner of the car, was sitting in the front

passenger's seat.

The trooper observed that the defendant's seatbelt was

buckled incorrectly, such that it reached all the way across the

middle seat to the buckle for the seat on the other side of the

car.  When the trooper pointed this out to the defendant, he

began to cry.[1]  The defendant told the trooper that "he wasn't

driving," but rather that the vehicle owner had been driving.

The trooper formed the opinion that the defendant had been

operating the car because he believed that the vehicle owner was

too intoxicated to switch seats.

In his appeal, the defendant argues that the trial judge

erred in denying his motions for a required finding of not

guilty, as he claims the evidence was legally insufficient to

---

[1] The trooper also noticed that there were fresh footprints on the back of the driver's seat, which he testified were consistent with the defendant's shoes.  That said, the trooper did not notice dirt anywhere else in the car, including on the floor of the driver's seat area, and he did not testify about whether the vehicle owner's shoes were also consistent with the footprints.  We do not rely on this evidence about footprints on the back of the driver's seat, and therefore need not address any issues concerning the inferences it may or may not properly support.

prove an essential element of the offense.  He also argues that the judge erred in allowing the State trooper to testify as to his opinion of whether the defendant was operating the vehicle at the time of the accident.  We affirm.

1.  Sufficiency of the evidence.  The defendant filed three motions arguing that the evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that he, and not the other person in the car, was operating the vehicle at the time of the accident: one motion for required finding of not guilty, and two renewed motions for required finding of not guilty, one on the day of the verdict, and, subsequently, another motion.  The judge denied all three of these motions, and allowed a motion for late filing of the notice of appeal, which brings the judgment and the rulings on these motions before us.

On appeal, the defendant argues that the judge erred in denying these motions.  In reviewing a sufficiency claim, we must view the evidence in the light most favorable to the Commonwealth and consider whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  We conclude that the jury could have found all of

3

the elements of the OUI offense, and therefore that the judge did not err in denying the defendant's motions.

The offense of operating under the influence of intoxicating liquor has three elements: "(1) operation of a vehicle, (2) on a public way, (3) under the influence of alcohol." Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995). These elements may be proved by direct evidence or by inference from circumstantial evidence. Commonwealth v. Beltrandi, 89 Mass. App. Ct. 196, 199-200 (2016). The only element at issue in this appeal is the first element, regarding whether the defendant was operating the vehicle.[2]

Although, as the defendant notes, the trooper did not testify to any statements by the vehicle owner or whether he conducted field sobriety tests with him as well, a rational juror could have found, based on the evidence detailed above, that the defendant was operating the vehicle at the time of the accident. Of particular note are the facts that the defendant's seatbelt was buckled incorrectly, which could support an

---

[2] The defendant does not dispute that there was sufficient evidence that the car was being operated on a public way and that the defendant was under the influence of alcohol. The State trooper testified that the single vehicle crash was on Route 93. He also testified that the defendant had bloodshot eyes and slurred speech, admitted to drinking earlier in the evening, and struggled to complete field sobriety tests.

4

inference that it was buckled quickly (and thus incorrectly) after the accident rather than before the journey began, that he cried when the trooper pointed this out to him, and that the officer concluded that the owner of the vehicle was too inebriated to have moved into the passenger seat after the crash. These facts distinguish this case from those cited by the defendant in which our courts have found insufficient evidence as to who was driving. As there was also sufficient evidence of the other elements of OUI, the judge did not err in denying the defendant's motions.

2. Trooper's opinion testimony. Prior to trial, the defendant filed a motion in limine requesting that the trooper not be permitted to testify as to his opinion regarding who was operating the vehicle at the time of the accident, as he had not seen anyone driving the vehicle. The judge denied this motion. At trial, the prosecutor asked, "how did you come to the determination that it was the defendant, and not the person in the front passenger seat, that was the operator?" The trooper responded,

> "Just in my opinion, again, that it appeared to me that he had crawled back and attempted to seat buckle himself back in to make it look like he had been sitting in the rear passenger seat, and during this process his footprint, upon crawling back, somehow got onto the back of the driver's seat."

5

The defendant argues that the judge's denial of his motion was error, as the trooper's opinion as to who was operating the vehicle was equivalent to an opinion on the ultimate issue of the defendant's guilt.  We disagree.

Although the defendant did not object to the trooper's testimony at trial, he had previously filed and argued a motion in limine on the issue.  In Commonwealth v. Grady, 474 Mass. 715, 719 (2016), the Supreme Judicial Court stated, "[w]e will no longer require a defendant to object to the admission of evidence at trial where he or she has already sought to preclude the very same evidence at the motion in limine stage, and the motion was heard and denied."  As the subject of the motion in limine was the same as what was objectionable at trial, see id., the defendant preserved his objection to the trooper's opinion testimony.

It is true that "[n]o witness, including a police witness, may testify as to a defendant's guilt or innocence." Commonwealth v. Hamilton, 459 Mass. 422, 439 (2011).  However, in Commonwealth v. Canty, 466 Mass. 535, 544 (2013), the Supreme Judicial Court held that in an OUI case, a lay witness was permitted to opine as to whether the defendant was intoxicated, but was not permitted to opine as to "whether a defendant operated a motor vehicle while under the influence of alcohol or

6

whether the defendant's consumption of alcohol diminished his ability to operate a motor vehicle safely."  Here, the witness testified as to his opinion regarding an element of the offense, but not as to his opinion regarding all elements at once.  The latter would have been an opinion as to the ultimate issue of the defendant's guilt or innocence.[3]  This was not.  Consequently, we see no error in the judge's ruling.[4]

At another point during the trial, the trooper did testify as to his opinion that the defendant was "operating a motor vehicle under the influence of alcohol." The judge sua sponte correctly instructed the jury that the trooper could "render an opinion as to whether [the defendant was] under the influence of alcohol, but whether it impaired his ability to operate a motor vehicle safely[,] that is . . . your decision to make."  To the extent, if any, the defendant challenges this testimony (to which there was no objection), there was no substantial risk of a miscarriage of justice.  This case is similar to Canty, as, in that case, the court found that the erroneous opinion testimony was not prejudicial because the judge had instructed the jury

_____

[3] The defendant has not argued that, if the opinion testimony is not about guilt, that it is in any event improper lay testimony, and we express no opinion on the question.

[4] We do not read the dictum in Commonwealth v. Boothby, 64 Mass. App. Ct. 582, 583 n.2 (2005), to take precedence over the subsequent Supreme Judicial Court decision in Canty.

7

"that they ultimately must determine whether the defendant was under the influence of alcohol, and that they may consider any opinion they heard about the defendant's sobriety 'and accept it or reject it.'" <u>Canty</u>, 466 Mass. at 545.

<u>Judgment affirmed</u>.

By the Court (Rubin, Ditkoff & Grant, JJ.[5]),

<i>Paul Lettith</i>

Clerk

Entered:  August 23, 2024.

---

[5] The panelists are listed in order of seniority.