NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1253

COMMONWEALTH

vs.

LEONEL A. NOJ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a trial in the District Court, a jury convicted the defendant, Leonel A. Noj, of assault and battery on a police officer[1] (ABPO) and resisting arrest.[2]  The defendant appeals, arguing he is entitled to a new trial due to ineffective assistance of counsel.  While the preferred method of resolving ineffective assistance claims is through a motion for a new trial, the record is sufficient here for us to determine that defendant's trial counsel was ineffective in failing to develop a defense and challenge the Commonwealth's case.  As such, we

_____

[1] G. L. c. 265, § 13D.

[2] G. L. c. 268, § 32B.

vacate the judgments and remand to the District Court for a new trial.

Background. On September 21, 2021, at around 1 A.M., Norwood police officers Ivory and O'Brien, along with Sergeant Joseph, responded to an apartment building to investigate a report of domestic violence. The defendant, a resident of the building, was not suspected of being involved in the domestic-violence incident. During the investigation, Officer Ivory attempted to speak with the defendant as he was sitting on the steps in the hallway, but the defendant was uncooperative. Officer Ivory and Sergeant Joseph both testified at trial that they suspected the defendant was intoxicated, as they observed that the defendant's eyes were bloodshot and that he smelled like alcohol when he spoke.

At some point, the officers turned their attention from the domestic violence incident to the defendant. The officers told the defendant that he "couldn't stay the night" alone, in his own apartment, for his own safety due to his level of intoxication. When the officers instructed the defendant to call someone to make alternative sleeping arrangements for the evening, the defendant refused. He instead walked back into his apartment, retrieved another beer, and sat on his couch. One of the officers testified that at this point, the officers decided to place the defendant in protective custody. As Officer Ivory

2

attempted to put the defendant in handcuffs, the defendant allegedly "reached out his arm . . . and gave him a push in his stomach area"; this conduct formed the basis for the ABPO charge. In response, Officer Ivory "utilized an armbar takedown" on the defendant to force him from the couch to the floor. As the defendant struggled, Officer Ivory and Sergeant Joseph placed handcuffs on the defendant.

Discussion. 1. Review of ineffective assistance claim on direct appeal. "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial." Commonwealth v. Zinser, 446 Mass. 807, 810 (2006). "An exception to [this] rule is that a 'claim of ineffective assistance may be resolved on direct appeal of the defendant's conviction when the factual basis of the claim appears indisputably on the trial record.'" Id. at 811, quoting Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994).

While "occasions when a court can resolve an ineffective assistance claim on direct appeal are exceptional," this is such a case where the trial record is sufficient to resolve the defendant's claim (citation omitted). Commonwealth v. McIntosh, 78 Mass. App. Ct. 37, 42 (2010). See Commonwealth v. Livington, 70 Mass. App. Ct. 745, 748-749 (2007); Commonwealth v. Frisino, 21 Mass. App. Ct. 551, 555-556 (1986).

3

2.  Ineffective assistance.  To demonstrate ineffective assistance of counsel, the defendant must show (1) performance on the part of counsel falling measurably below that of an ordinary, fallible attorney, that (2) effectively deprived the defendant of a substantial ground of defense.  See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  For the first prong, "[w]here a claim of ineffective assistance of counsel is based on a tactical or strategic decision, the test is whether the decision was manifestly unreasonable when made" (quotation and citation omitted).  Commonwealth v. Ng, 489 Mass. 242, 250 (2022).

The defendant argues his trial counsel's performance was ineffective because he did not pursue a viable defense.  During the trial, the Commonwealth called two witnesses:  Officer Ivory and Sergeant Joseph; the defendant did not call any witnesses to testify.

For the defendant's first charge, ABPO, trial counsel, in his opening statement, appeared to signal a defense that the defendant's contact with Officer Ivory was not intentional.  See G. L. c. 265, § 13D.[3]  Specifically, counsel suggested to the

_____

[3] To establish assault and battery on a police officer, the Commonwealth must prove (1) "that the defendant touched the victim without having any right or excuse to do so"; (2) "the defendant's touching . . . was intentional"; (3) "the officer was engaged in the performance of his duties at the time [of such assault and battery]"; and (4) "the defendant [knew] that

4

jury that the defendant was "not able to properly balance himself," which "le[d] to a count of an assault and battery on a police officer."  In cross-examining the officers, however, trial counsel only asked one question pertaining to whether the defendant's touching was unintentional, did not seek to develop the evasive answer he received, and appeared to abandon the unintentional-contact defense in his closing.  As a result, defendant's trial counsel left him "denuded of a defense" as to the ABPO charge (citation omitted).[4]  See Commonwealth v. Farley, 432 Mass. 153, 156 (2000), S.C., 443 Mass. 740, cert. denied, 546 U.S. 1035 (2005) ("Trial counsel put forth a defense and then failed to develop this defense through evidence, cross-examination, or in summation.  He thereby effectively left the defendant 'denuded of a defense'" [citation omitted]).

As to the defendant's resisting arrest charge, his trial counsel appeared to pursue a defense that (1) Officer Ivory restrained the defendant for the purposes of putting him in protective custody, not to effect an arrest; and (2) the defendant was not aware he was being arrested, an essential

---

the victim was an officer engaged in the performance of his duties" (quotations and citations omitted).  Commonwealth v. Tyson, 104 Mass. App. Ct. 739, 741-742 (2024).

[4] The trial judge properly instructed the jury that "[t]he opening statements and the closing arguments of the lawyers are not evidence, and they're not a substitute for the evidence."

5

element of the charge.  See Commonwealth v. Grandison, 433 Mass. 135, 145 (2001) ("An arrest occurs where there is (1) 'an actual or constructive seizure or detention of the person, [2] performed with the intention to effect an arrest and [3] so understood by the person detained'" [citation omitted]).  This inference is supported by trial counsel's motion for a required finding at the close of the Commonwealths' case, in which he argued that the evidence failed to establish the defendant was aware he was being arrested.  In response, the Commonwealth asserted that the defendant had been placed under arrest after allegedly assaulting Officer Ivory.

Despite raising this issue in the motion for a required finding, counsel failed to develop it during trial.  In his opening, he made no mention of whether the defendant understood he was being arrested.  During cross-examination of Officer Ivory, counsel asked a few questions suggesting that even though the defendant was intoxicated, he was in a safe place.  These questions, however, were not clearly tied to the legal distinction between an arrest and protective custody, nor did they advance a defense based on the defendant's lack of awareness he was being arrested.

Moreover, Sergeant Joseph testified on direct examination that he *told* the defendant he was placing him arrest *before* the alleged assault occurred.  Trial counsel did not challenge this

6

assertion despite its significance to the resisting arrest charge. After the judge denied the motion for a required finding, trial counsel did not return to this defense in his closing. Instead, he appeared to concede the point, stating "there's an encounter where [the defendant is] placed under arrest." See Commonwealth v. Triplett, 398 Mass. 561, 568-569 (1986) ("A summation by defense counsel which leaves a client denuded of a defense constitutes ineffective assistance of counsel" [quotation and citation omitted]); Commonwealth v. Westmoreland, 388 Mass. 269, 274 (1983) (lawyer's concession of viable defense that defendant lacked requisite intent "at closing argument . . . was behavior which falls 'measurably below that which might be expected from an ordinary fallible lawyer'" [citation omitted]).

In trial counsel's closing, he presented to the jury one "theory" of defense -- "the police have gone beyond the bounds here." This strategy was manifestly unreasonable because after failing to develop and abandoning two other defenses, trial counsel pursued a defense that, even if the jury were to believe it, would not have led to an acquittal on either charge. For both charges, the police "[going] beyond the bounds" would not negate an essential element of either offense. See Commonwealth v. McCrae, 54 Mass. App. Ct. 27, 30 (2002) ("counsel's performance fell well below that expected of the ordinarily

fallible lawyer, in that counsel essentially abandoned a viable defense in favor of a trial strategy that was manifestly unreasonable" [quotation and citation omitted]).  See also Commonwealth v. Kirwan, 448 Mass. 304, 319 (2007) ("Jury nullification is inconsistent with a jury's duty to return a guilty verdict of the highest crime proved beyond a reasonable doubt").

As to prejudice, trial counsel's strategy likely deprived the defendant of an available and substantial defense.  See Saferian, 366 Mass. at 96; Frisino, 21 Mass. App. Ct. at 555-556.  The only evidence presented against the defendant on both charges was the testimony of two police officers who took the unusual action of attempting to remove an individual, a forty-one year old man, from his own home and into custody at a police station for "his safety" due to his consumption of alcohol.  In light of the circumstances surrounding that decision -- including the apparent lack of probable cause to take the defendant into custody -- there was a clear basis for challenging the officers' credibility.  See Commonwealth v. O'Brien, 434 Mass. 615, 622 (2001) ("To take someone into protective custody, officers need only probable cause to believe that the person is incapacitated" [quotation and citation

8

omitted]).[5]  A defense theory focused on police bias was therefore both substantial and available.  See Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 187 (2013) ("Cross-examination as to bias is of vital importance because the weight that the jury give to the testimony of the witness may depend entirely on their belief that the witness has no motive to lie").  With probable cause called into question, the officers would have been obligated to provide justification as to why they were attempting to remove a man from his home who was not the subject of the 911 call that had brought them to the apartment building and posed no apparent danger to himself or anyone else.  A jury might reasonably have concluded that these officers were retaliating because they believed the defendant had spoken back to them and, as a result, their testimony about both the touching and informing the defendant he was under arrest was not credible.

---

[5] "Incapacitated" is defined by G. L. c. 111B, § 3, as "the condition of an intoxicated person who . . . is (1) unconscious, (2) in need of medical attention, (3) likely to suffer or cause physical harm or damage property, or (4) disorderly." Intoxication alone is not enough.  Both officers testified the defendant had bloodshot, glassy eyes and smelled like alcohol, but neither offered specific facts indicating he needed medical attention or posed a threat to himself or another person.  In fact, the officers did not note any difficulties the defendant had in speaking to them or walking around, nor did either testify that the defendant had caused danger to himself or anyone else prior to their arrival or while they were on scene.

The officers' actions would have become even more dubious in the eyes of a jury if trial counsel had developed the officers' testimony as to the defendant's alleged instigative conduct towards them, including that the defendant asked to speak to a supervisor upon their arrival; "made some wise comments that he wasn't going to listen [to the officers]"; and, reached for a beer when the officers had told him to retrieve his phone.  Trial counsel should have developed this testimony to show bias and a potential alternative motive for the defendant's arrest.  Where the officers likely lacked probable cause, and defendant's trial counsel failed to cross-examine the police witnesses for bias, it is evident that "better work might have accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977).

Conclusion.  The judgments are vacated, and the verdicts are set aside.

So ordered.

By the Court (Rubin,
  D'Angelo & Smyth, JJ.[6]),

*Paul Little*

Clerk

Entered:  June 16, 2025.

---

[6] The panelists are listed in order of seniority.